UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

    Plaintiff,

v.

STEVEN CHISHOLM, DAVID JONES,
and CITY OF INKSTER,

    Defendants.

_____/

Case No. 2:23-cv-13015
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DENY AS MOOT DEFENDANTS' MOTION TO DISMISS (ECF No. 14)

                I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Charles Blackwell (Blackwell) sues the City of Inkster, city council member Steven Chisholm (Chisholm), and city attorney David Jones (Jones) for First Amendment retaliation. (ECF No. 17). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 7).

On January 29, 2024, defendants filed a motion to dismiss. (ECF No. 14). In lieu of filing a response, Blackwell filed a first amended complaint as of right on January 30, 2024. (ECF No. 17). On February 13, 2024, defendants filed a motion to dismiss the first amended complaint. (ECF No. 21). As explained below, the

1

undersigned recommends that defendants' first motion to dismiss be DENIED AS MOOT.

## II.   Discussion

As mentioned above, Blackwell filed an amended complaint in lieu of responding to defendants' first motion to dismiss. (ECF No. 17). Under Federal Rule of Civil Procedure 15(a)(1):

> *Amending as a Matter of Course.* A party may amend its pleading once *as a matter of course* no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or *21 days after service of a motion under Rule 12(b)*, (e), or (f), whichever is earlier.

(emphasis added). Thus, because Blackwell's amended complaint was filed within 21 days of service of defendants' motion, it is accepted as a matter of course.

Generally, an "amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Ky. Press Ass'n v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading)); *see also Glass v. Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) ("Because the original complaint has been superseded and nullified, there is

no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." (internal footnote omitted)).

However, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Yates v. Applied Performance Techs.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) (citations omitted). "That is particularly true if the amended complaint is 'substantially identical to the original complaint.' " *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (citing *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423 at *2 (S.D. Ohio Oct. 9, 2014)).

Here, defendants have filed a new motion to dismiss addressing the allegations in the amended complaint. (ECF No. 21). That motion is fully briefed, (ECF Nos. 24, 25, 27, 28), and will be considered by the undersigned at a later date. Defendants' first motion to dismiss should be denied as moot, based on Blackwell's filing of an amended complaint and defendants' filing of a new motion to dismiss directed at the amended complaint.

### III. Conclusion

For the reasons stated above, it is RECOMMENDED that defendants' first motion to dismiss, (ECF No. 14), be DENIED AS MOOT. Blackwell's amended complaint, (ECF No. 17), currently governs this dispute. The Court will address defendants' second motion to dismiss, (ECF No. 21), by way of Report and

Recommendation at a later date.

Dated: April 10, 2024                           s/Kimberly G. Altman
Detroit, Michigan                               KIMBERLY G. ALTMAN
                                                         United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2024.

                                          s/Carolyn Ciesla
                                          CAROLYN CIESLA
                                          Case Manager