UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

        Plaintiff,                                 Case No. 23-cv-13015

v.                                               HON. MARK A. GOLDSMITH

STEVEN CHISHOLM et al.,

        Defendants.
_____/

**OPINION & ORDER**
**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 32), AND (2) DENYING DEFENDANTS' MOTION TO DISMISS (Dkt. 21)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman, issued on July 22, 2024 (Dkt. 32). In the R&R, the magistrate judge recommends that the Court deny the motion to dismiss Plaintiff Charles Lamar Blackwell's amended complaint filed by Defendants Stephen Chisholm, an Inkster city council member; David Jones, an Inkster city attorney; and the City of Inkster (Dkt. 21). Defendants Chisholm and the City (the City Defendants) timely filed objections to the R&R (Dkt. 35), as did Jones (Dkt. 33). For the reasons that follow, the Court (i) overrules Defendants' objections, (ii) adopts the R&R and (ii) denies the motion to dismiss (Dkt. 21).[1]

**I. BACKGROUND**

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 2–6. Blackwell, a private citizen, alleges that Defendants violated his First Amendment rights

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

1

after Jones obtained an ex parte personal protection order (PPO) against Blackwell, with the City paying Jones's legal fees. R&R at 2.

On July 18, 2022, Blackwell attended a city council meeting and presented a poster depicting an altered image of Jones's wife in bed next to the City's mayor with a caption reading: "You don't have to remind me. I already know David Jones is A Bad Inkster City Attorney." R&R at 3. At the same meeting, Blackwell also criticized Jones and called him a "chump." Id. The next day, Chisholm used his Instagram account and government email address to send Jones "innocuous and non-threatening" pictures of firearms that Blackwell posted on social media. Id.

On July 21, 2022, Jones petitioned a Michigan state court for an ex parte PPO against Blackwell. Id. at 4. The trial court granted the petition, but following an appeal from Blackwell, the Michigan Court of Appeals reversed the trial court's decision. Id. at 5. The appellate court held that Blackwell's speech was constitutionally protected, and the Michigan Supreme Court denied Jones's application for leave to appeal. Id. at 5–6. Blackwell maintains that, while the PPO case proceeded through state court, the City utilized "closed sessions" to covertly approve payments for Jones's PPO-related legal costs and representation. Id.

Based on these allegations, Blackwell claims that Chisholm and Jones are personally liable for First Amendment retaliation and that the City is liable under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) for the same constitutional deprivation. R&R at 6.

For the reasons that follow, the Court adopts the R&R.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district

2

court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

The Court first addresses the objections filed by the City Defendants and then turns to the objections filed by Jones.

### A. The City Defendants' Objections

The City Defendants' first objection asserts that the R&R "misinterprets Michigan state law" by finding that Blackwell's speech at the July 18, 2022 meeting was protected conduct. City Obj. at 1. Specifically, the City Defendants argue that Michigan's Open Meetings Act empowers the City to "limit speech in a limited forum" and "remove persons who seek to disrupt those meetings." Id. at 2 (citing Mich. Comp. L. § 750.170). The City Defendants argue that Blackwell's presentation of the poster at the meeting falls "directly under the purview of the Open Meetings Act." Id.

This objection fails. As an initial matter, the Michigan Open Meetings Act does not—and cannot—curb the protections afforded under the First Amendment. The City Defendants' objection premised on the Michigan Open Meetings Act is simply not responsive to the R&R's conclusion that Blackwell was engaged in protected conduct under the First Amendment. Moreover, because the City Defendants did not raise this argument with the magistrate judge, it is waived. Robinson v. Akins, No. 1:22-cv-1172, 2024 WL 3249091, at *1 (W.D. Mich. July 1, 2024) ("Absent compelling reasons, a party is not allowed to raise for the district court new arguments or issues that were not presented to the Magistrate Judge.").

The City Defendants' second objection is that the R&R incorrectly concluded that Blackwell sufficiently alleged a civil conspiracy claim against Chisholm. City Obj. at 3.

In the R&R, the magistrate judge determined that Blackwell's allegation that Chisholm's

3

sharing of Blackwell's pictures of firearms for use by Jones in obtaining the PPO was sufficient to plausibly allege a conspiracy claim. R&R at 18–19. As the R&R explained, Blackwell's allegations

> identif[y] a single plan, a conspiratorial objective, and an overt act from Chisholm. He alleges that Jones and Chisholm sought to deter Blackwell from criticizing Jones with the objective of obtaining a PPO for Jones against Blackwell. In furtherance of this objective, Chisholm overtly found pictures of Blackwell's firearms and sent them to Jones, which Jones then used as evidence in support of his PPO petition.

R&R at 21.

The City Defendants' objection argues that the R&R failed to consider Chisholm's duty to warn Jones. City Obj. at 4–5. This objection is without merit. Even assuming Chisholm has a duty to warn Jones, the City Defendants provide no explanation or authority as to how such a duty prevents Blackwell from alleging a conspiracy. In addition, as was the case with the first objection, because the City Defendants did not raise this argument with the magistrate judge, it is waived. Robinson, 2024 WL 3249091, at *1.

The City Defendants' third objection asserts that the magistrate judge erred in finding that Blackwell alleged that Chisholm was acting under color of law when he used his Instagram to access pictures of firearms that were later sent to Jones. City Obj. at 5. The City Defendants submit that the R&R failed to perform the proper analysis required under Lindke v. Freed, 601 U.S. 187 (2024). Id. at 6. But as the R&R explained, Lindke "dealt with making online posts, deleting comments on those posts, and blocking users from making future comments." R&R at 25. Here, Blackwell alleges that a councilman used his account for purposes of helping the City attorney obtain a PPO against a private citizen. Id. The R&R properly rejected City Defendants' reliance on Lindke.

The City Defendants' fourth objection is that the R&R erred in finding that Blackwell alleged (i) a constitutional violation or (ii) that the City's practice, pattern, practice, or custom

4

caused Blackwell's injury. City Obj. at 9–10.

As to the first argument—the constitutional violation—the City Defendants offer no explanation as to how the R&R erred in finding an alleged constitutional violation. See id. The Court accordingly overrules this component of the City Defendants' objection.

The City Defendants also argue that the R&R erred in finding that Blackwell sufficiently pleaded a pattern, practice, or custom. Id. at 10. The R&R concluded that Blackwell alleged a municipal policy by alleging that the City "schemed with Jones's law firm to conceal the improper use of public funds to pay for Jones'[s] PPO" pursuant to "closed sessions under the Michigan Open Meetings Act." R&R at 33 (punctuation modified). The City Defendants argue that the R&R "relies on the fallacy of post hoc ergo propter hoc, or Y occurred after X, thus Y must have been caused by X." City Obj. at 10 (emphasis omitted). The Court sees no such fallacy. The R&R does not assert that any of Blackwell's allegations must be true—rather, the R&R explains that such allegations, if true, are sufficient to plead a municipal policy or custom. The Court agrees and overrules City Defendants' objection.

The City Defendants' fifth objection asserts that the magistrate judge erred in finding that "Blackwell sufficiently alleged a constitutional injury resulting from Jones obtaining the PPO." Id. at 11. According to the City Defendants, the R&R "fails to address any rights that may have been abridged by Defendant Chisholm or City of Inkster." Id.

The Court disagrees with the City Defendants. The R&R explains that "Sixth Circuit case law supports the conclusion that Blackwell has alleged First Amendment retaliation against Chisholm and Jones acting under color of law. He has also alleged a cause of action against Inkster for municipal liability for enacting a policy under which the city would support this retaliation." R&R at 38 (emphasis added). Because the R&R does address rights that may have been abridged

5

by the City Defendants, the Court overrules this objection.

The City Defendants' sixth and final objection is that the magistrate judge erred in recommending that Blackwell alleged a constitutional injury resulting from Jones obtaining the PPO. City Obj. at 12. But as the City Defendants acknowledge, and as explained by the R&R, discovery "may shed light on whether such a restriction caused more than a de minimis injury to Blackwell." Id. (quoting R&R at 17). The Court agrees with the R&R's assessment that discovery may reveal the existence or extent of Blackwell's injury, and therefore, dismissal at the pleadings stage is premature.

The second component of the City Defendants' objection is that the R&R "wrongly concluded that Blackwell alleged 'severe mental anguish and distress' and reputational damage arising from Jones's alleged constitutional violations." City Obj. at 13. But as the R&R explained, "the alleged adverse injury Blackwell suffered cannot be decided as a matter of law because it is unknown whether Jones engaged in such activity." R&R at 19. The Court agrees with the magistrate judge that, without the benefit of discovery, Blackwell's injury cannot be determined such that his claim must be dismissed at the pleadings stage.

The third component of this objection is that "the undisputed truthfulness of the accusations underlying Jones's PPO petition dispels Blackwell's claims of a constitutional injury" because "Jones merely presented Blackwell's conduct to the circuit court, and two independent judges made the determination that Blackwell was engaged in stalking." City Obj. at 13–14. The Court disagrees. As explained in the R&R, Blackwell alleges that "Jones applied for an ex parte PPO while working in his capacity as Inkster City Attorney" and did so in retaliation against Blackwell. R&R at 13–14 (punctuation modified). The Court agrees with the R&R that Blackwell has sufficiently alleged a plausible claim against Jones for First Amendment retaliation.

The Court finds that the City Defendants' objections are unpersuasive. It adopts the magistrate judge's recommendation as to the motion to dismiss and denies the motion with respect to these Defendants.

**B. Jones's Objections**

Jones's first objection is that the magistrate judge erred in concluding that Jones is not protected by qualified immunity because the recommendation is based on a "misinterpretation" of DWJ v. CLB, No. 363324, 2023 WL 7270488, at *3 (Mich. Ct. App. Nov. 2, 2023). Jones Obj. at 1.

Contrary to Jones's assertion, however, the R&R does not rely on DWJ to show that Blackwell's asserted right is not clearly established. Rather, the R&R discusses DWJ in the context of rejecting Defendants' argument "that an action being granted and upheld, after the fact, by a state trial court shows that the right in question is not clearly established." R&R at 37.

The Court agrees with the R&R's rejection of Defendants' argument. Moreover, the R&R's recommendation regarding whether Blackwell's First Amendment rights were clearly established is consistent with Sixth Circuit case law holding that "the First Amendment right to criticize public officials is well-established and supported by ample case law. Furthermore, it is well-established that a public official's retaliation against an individual exercising his or her First Amendment rights is a violation of § 1983." Barrett v. Harrington, 130 F.3d 246, 264 (6th Cir. 1997). The Court overrules this objection.

Jones's second objection is that the R&R's qualified immunity analysis "failed to consider that Blackwell was unable to cite any then existing precedent" for the proposition that "seeking the PPO under the circumstances of this case was a clear violation." Jones Obj. at 5. Jones argues that the R&R cites no precedent "applicable to the specific context of Jones'[s] PPO against

7

Blackwell." Id. at 6. Jones further asserts that the R&R erroneously relied on Barrett, which held that a judge was not subject to qualified immunity for violating a plaintiff's First Amendment rights by accusing the plaintiff of stalking reporters. Jones argues that this case is distinguishable from Barrett because the judge accused the plaintiff of stalking despite admitting to reviewing the "applicable stalking statute." Jones Obj. at 5.

Jones's attempt to distinguish Barrett fails. Whether conduct is clearly established depends on whether "a reasonable person would have known" of the right, and not on that person's subjective knowledge. Barrett, 130 F.3d at 264. As explained above, the Barrett court broadly held that "it is well-established that a public official's retaliation against an individual exercising his or her First Amendment rights is a violation of § 1983." Id. The magistrate judge did not err by citing Barrett to support the proposition that the retaliation alleged by Blackwell violated his clearly established rights under the First Amendment.

Jones's third objection is that the R&R erred in concluding that Jones was acting under color of law when he petitioned for the PPO. Jones Obj. at 8. Jones argues that, as a matter of law, "Jones could have only been acting in his personal capacity when he petitioned for a PPO." Id. But as the R&R explains:

> Blackwell has alleged that Jones obtained the PPO in retaliation for Blackwell's protected conduct at city council meetings, as the PPO prevented Blackwell from legally owning firearms and from continuing to exercise his First Amendment rights at future meetings, not for the legitimate purpose of curtailing harassment or stalking. Blackwell has also alleged that Jones prepared his PPO petition and defended it while working as Inkster's city attorney, shown by multiple invoices to Inkster including such entries, and that he and his firm (through the attorney representing him in proceedings) were paid by Inkster to do so, in bills approved by the Inkster city council.

R&R at 27–28.

Such facts, if true, are sufficient to show that Jones was acting under the color of law. The

8

Court agrees with the R&R that Blackwell has pleaded facts alleging that Jones was working in his capacity as a City attorney when petitioning for the PPO.  The Court overrules this objection.

Jones's fourth objection is that the magistrate judge erred in recommending that "Blackwell sufficiently alleged a constitutional injury resulting from Jones obtaining the PPO."  Jones Obj. at 10.  The Court overrules Jones's objection for the same reasons it overrules the City Defendants' fifth objection.

All told, the Court finds that Jones's objections are unpersuasive.  It adopts the magistrate judge's recommendation as to the motion to dismiss.

### III.  CONCLUSION

For the reasons stated above, the Court: (i) adopts the recommendation in the R&R (Dkt. 32), (ii) overrules Defendants' objections, and (iii) denies the motion to dismiss (Dkt. 21).

SO ORDERED.

Dated: September 29, 2024  
Detroit, Michigan

s/ Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge