UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

    Plaintiff,

v.

Case No. 2:23-cv-13015
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

STEVEN CHISHOLM, DAVID JONES,
and CITY OF INKSTER,

    Defendants.
_____/

## ORDER DEFERRING CONSIDERATION OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES (ECF NO. 43)

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Charles Lamar Blackwell (Blackwell), proceeding *pro se*, is suing the City of Inkster (Inkster), city council member Steven Chisholm (Chisholm), and city attorney David Jones (Jones) for First Amendment retaliation. (ECF No. 17). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 7).

II.

On September 30, 2024, the district judge adopted the Report and Recommendation of the undersigned and denied defendants' motion to dismiss the

1

amended complaint. (ECF No. 38). Defendants then filed answers to the amended complaint, with Jones's filed on October 14, 2024 (ECF No. 41) and a joint answer from Chisholm and Inkster on October 17, 2024 (ECF No. 42). Then, on October 17, 2024, Blackwell filed a motion to strike certain affirmative defenses from each of those answers. (ECF No. 43).

On October 28, 2024, Jones filed a notice of appeal informing the Court that he has appealed the district court's decision on qualified immunity, and the next day Chisholm filed a notice of appeal stating the same. (ECF Nos. 44, 46). Jones then responded to Blackwell's motion to strike affirmative defenses on October 31, 2024, arguing that (1) his appeal precludes Blackwell's motion, and (2) Blackwell has not met his burden to strike the affirmative defenses.[1] (ECF No. 49). Blackwell filed a reply the following day, requesting that the Court defer consideration of his motion until the interlocutory appeal is decided.[2] (ECF No. 50).

### III.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its

---

[1] Neither Blackwell nor Chisholm have filed a motion to stay proceedings in this matter pending the outcome of their appeals.
[2] Blackwell says that his motion would not be precluded as to Inkster, given that Inkster has no appeal pending, but nonetheless requests that decision on the entire motion be deferred.

2

control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Thus, courts have found that "the filing of a notice of appeal from the denial of immunity divests the district court of jurisdiction of the case." *Smith v. County of Lenawee*, 2009 WL 3672107, *2 (E.D. Mich. Nov. 3, 2009). Jones argues that the Court therefore does not have jurisdiction over the claims against Jones until the Sixth Circuit rules on the appeal and cannot grant Blackwell's request to strike any of Jones' affirmative defenses.

Blackwell complains that the notices of appeal were filed after his motion to strike defendants' affirmative defenses, which was due within twenty-one days of being served with their answers. *See* Fed. R. Civ. P. 12(f)(2). He notes that under Rule 62.1(a), where the Court lacks authority to grant because of an appeal to grant relief on a timely motion, the Court may defer considering the motion rather than denying it. Blackwell requests that the Court choose to defer its ruling on his motion, because said motion would not be timely if he chose to refile it after the appeal is decided.

The Court agrees that it presently lacks jurisdiction to consider Blackwell's motion, and that the best way to proceed would be to defer its decision on the motion as to Jones, Chisholm, and Inkster until the appeal is decided. Therefore, the Court's decision on Blackwell's motion to strike defendants' affirmative answers is DEFERRED.

SO ORDERED.

Dated: November 1, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 1, 2024.

s/Kristen Castaneda
KRISTEN CASTANEDA
Case Manager