UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

    Plaintiff,

v.

STEVEN CHISHOLM, DAVID JONES,
and CITY OF INKSTER,

    Defendants.
_____/

Case No. 2:23-cv-13015
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 52)[1]

### I. Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Charles Lamar Blackwell (Blackwell), proceeding *pro se*, is suing the City of Inkster (Inkster), city council member Steven Chisholm (Chisholm), and city attorney David Jones (Jones) for First Amendment retaliation. (ECF No. 17). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 7).

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

On September 30, 2024, the district judge adopted the Report and Recommendation of the undersigned and denied defendants' motion to dismiss the amended complaint.[2] (ECF No. 38). On November 5, 2024, Blackwell filed an emergency motion for preliminary injunction against Inkster. (ECF No. 52). He says that Inkster Councilwoman Felicia Rutledge advocated for Inkster to file a Personal Protection Order (PPO) against him after his public comment was read into the record. (*Id.*). Inkster and Chisholm filed a response, (ECF No. 58), and Blackwell filed a reply, (ECF No. 59). For the reasons below, the undersigned RECOMMENDS that the motion be DENIED.[3]

## II. Legal Standard

To obtain a preliminary injunction, the movant must prove each of the following factors: (1) the movant has a strong likelihood of success on the merits; (2) the movant would suffer irreparable injury absent an injunction; (3) granting the injunction would not cause substantial harm to others; and (4) the public

---

[2] Defendants have appealed the district court's decision to deny their motion to dismiss. (ECF Nos. 44, 47). They have also filed a joint motion to stay proceedings pending the appeal (ECF No. 55) which will be the subject of a separate order.

[3] Motions for preliminary injunctions are dispositive, so the undersigned must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Cook v. St. John Hosp. & Med. Ctr.*, No. 10-10016, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010).

interest would be served by granting the preliminary injunction. *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Moreover, "[i]njunctive relief is an extraordinary remedy and is issued cautiously and sparingly." *Enerco Grp., Inc. v. Deutsch*, No. 1:16CV213, 2016 WL 852572, at *2 (N.D. Ohio Mar. 3, 2016).

Inkster and Chisholm argue that Blackwell's new claim—on which the preliminary injunction would be based—is not ripe for adjudication and therefore no preliminary injunction should issue. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal citations and quotation marks omitted). "The Fourteenth Amendment only bars deprivations 'of life, liberty, or property, without due process of law,' it does not create a freestanding right to process absent such a deprivation." *Hornbeak-Denton v. Myers*, 361 F. App'x 684, 688 (6th Cir. 2010) (quoting U.S. Const. amend. XIV, § 1)).

III. Discussion

At the heart of this case is a PPO obtained by Jones against Blackwell that was reversed by the Michigan Court of Appeals as violative of Blackwell's constitutionally protected speech. Blackwell now says that he is facing another very similar threat: a PPO from Inkster itself, based on the words of

3

Councilwoman Felicia Rutledge after Blackwell's public comment regarding her was read into the record of a city council hearing. Blackwell's comment was as follows:

> Good Evening
>
> Mayor Byron Nolen is a crook, and he should inform the public as to why he allowed the Inkster HR Director Shawn Crenshaw to buy a City of Inkster (NSP) foreclosure property for $30,000.
>
> Also, did Councilwoman Felicia Rutledge perform any tricks on Halloween?

(ECF No. 52, PageID.596). Thereafter, according to Blackwell, Councilwoman Rutledge "publicly advocated for the City of Inkster to officially file a stalking (PPO) against [Blackwell] or at a minimum issue [him] a no-contact order due to [his] speech via email or at Inkster City Council meetings." (ECF No. 52-2, PageID.611-612).[4]

Inkster and Chisholm argue that a single councilwoman's *suggestion* of a PPO does not create an injury or the imminent threat of one to justify a preliminary injunction. Blackwell responds that he "is not required to first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." (ECF No. 59, PageID.670)

---

[4] Blackwell filed a Notice which contains a link to the Inkster City Council meeting on YouTube for public viewing. (ECF No. 54). The undersigned has viewed the YouTube link which comports with Blackwell's characterization of Councilwoman Rutledge's remarks.

4

(quoting *McGlone v. Bell*, 681 F.3d 718, 730 (6th Cir. 2012)). He says that "First Amendment freedoms are affected when speech is 'either threatened or in fact being impaired at the time relief [is] sought.' " (ECF No. 59, PageID.670) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

Inkster and Chisholm correctly note that the Supreme Court has said it is "reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 431 (2013). Despite Councilwoman Rutledge's remark that Inkster should seek a PPO against Blackwell that Blackwell believes would violate his First Amendment rights, it is mere speculation that Inkster will in fact decide to seek a PPO and further speculation that the PPO would be granted. This militates against issuing a preliminary injunction. *See Lindke v. King*, No. 19-CV-11905, 2023 WL 3634262, at *15 (E.D. Mich. May 24, 2023) (dismissing claim based on speculation that a Michigan court would grant a PPO against the plaintiff that violates his First Amendment rights). Thus, his motion is not ripe for adjudication.

The undersigned is not unsympathetic to Blackwell's concern that another PPO will be issued against him. However, at this time, he has not sustained an injury, nor can one be said to be imminent. Thus, he has not met the required showing to obtain the extraordinary remedy of a preliminary injunction.

5

IV. Conclusion

For the reasons stated above, it is RECOMMENDED that Blackwell's emergency motion for preliminary injunction (ECF No. 52) be DENIED.

Dated: November 20, 2024　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2024.

s/Dru Jennings
DRU JENNINGS
Case Manager