UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

    Plaintiff,

v.

STEVEN CHISHOLM, DAVID JONES, and CITY OF INKSTER,

    Defendants.
_____/

Case No. 2:23-cv-13015
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL (ECF NO. 55)

I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Charles Lamar Blackwell (Blackwell), proceeding *pro se*, is suing the City of Inkster (Inkster), city council member Steven Chisholm (Chisholm), and city attorney David Jones (Jones) for First Amendment retaliation. (ECF No. 17). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 7).

On September 30, 2024, the district judge adopted the Report and Recommendation of the undersigned and denied defendants' motion to dismiss the amended complaint for failure to state a claim and for qualified immunity of the

1

individual defendants. (ECF No. 38). All defendants have filed notices of appeal from the district court's decision to deny their motions. *See* ECF No. 44 (Jones); ECF No. 47 (Chisholm and Inkster). Before the Court is defendants' joint motion to stay *all* proceedings pending the appeal. (ECF No. 55). The motion is fully briefed (ECF Nos. 58, 59) and ready for determination. For the reasons below, defendants' motion will be granted and all proceedings will be stayed until the appeals are resolved.

## II. Legal Standard

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a stay of discovery based on good cause. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). Further, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.' " *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

## III. Discussion

2

Defendants argue that a stay is warranted because Jones and Chisholm's appeals from the denial of qualified immunity have divested the district court of jurisdiction over the aspects of the case involved in those appeals. *See, e.g.*, *Smith v. Cnty. of Lenawee*, No. 09-10648, 2009 WL 3672107, at *2 (E.D. Mich. Nov. 3, 2009). They argue that the district court only retains jurisdiction where "the appeal is (i) frivolous or (ii) being sought solely for purposes of delay." *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12, 2021).

Blackwell argues against the entry of a stay because (1) Inkster is not a properly appealing party, and (2) defendants should be required to meet the four-factor standard for issuance of a preliminary injunction to justify the stay. To the latter point, Blackwell is incorrect that the preliminary injunction factors apply to a motion to stay pending interlocutory appeal of a denial of immunity. As explained in *Sexton*,

> The parties disagree as to the applicable standard for resolving the instant motion to stay proceedings pending appeal. Cernuto argues that to determine whether to grant a stay pending appeal, the Court must consider the four factors traditionally applied in evaluating whether to grant a preliminary injunction. In support of his argument, Cernuto cites *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991), a case that did not involve an interlocutory appeal of a finding that a defendant was not entitled to qualified immunity. The Sextons argue that a stay pending appeal should not be granted if the appeal is frivolous or would only serve to delay trial. The Sextons are correct.
>
> "Because qualified immunity is a protection not only from liability, but also from the trial process, a stay of proceedings in the trial court while

3

> the appeal is prosecuted is generally required to preserve the rights of state officials." *Gentry v. Wayne County*, No. 10-11714, 2011 WL 13160849, at *1 (E.D. Mich. Oct. 17, 2011); *see also Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that an appeal from a denial of qualified immunity "oblig[es]" the district court to "refrain from proceeding to trial ... until that issue is decided"). However, a district court may decline to stay a case pending an interlocutory appeal of a finding that a defendant was not entitled to qualified immunity if the appeal is (i) frivolous or (ii) being sought solely for purposes of delay. *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991) (recognizing district court's discretion to certify appeal on qualified immunity grounds as frivolous and begin trial); *Howlett v. City of Warren*, No. 17-11260, 2020 WL 5095521, at *1, *2 n.2 (E.D. Mich. Aug. 28, 2020) (granting stay pending interlocutory appeal of denial of qualified immunity upon finding that the appeal was neither frivolous nor sought for dilatory purposes).

*Sexton*, 2021 WL 949541, at *2.

An appeal is "frivolous" only if it is "solely a fact-based challenge to the plaintiffs' evidence and the district court's findings." *Id.* (citing *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016)). An appeal "turns on an issue of law," and is therefore not frivolous, if the issue on appeal "has some 'legal aspect to it,' which is to say that the challenge cannot be 'aimed solely at the district court's determination of the record-supported evidence.' " *Id.* (quoting *Bunkley v. City of Detroit*, 902 F.3d 552, 560-61 (6th Cir. 2018)).

Here, Jones and Chisholm's appeals are proper because they appear to challenge the legal aspects of the denials of qualified immunity. Without opining on the propriety of Inkster's appeal—which does not concern immunity—the Court finds that in the interest of judicial economy, the entire proceeding should be

4

stayed pending resolution of the appeals. Other courts have stayed cases pending the outcome of a qualified immunity appeal. *See Mobley v. City of Detroit*, 938 F. Supp. 2d 688 (E.D. Mich. 2013); *Johnson v. City of Saginaw*, No. 17-CV-13174, 2019 WL 1400408 (E.D. Mich. Mar. 28, 2019).

Blackwell argues that under *In re Flint Water Cases*, 960 F.3d 820, 830 (6th Cir. 2020), the Court can (and should) deny the stay because in that case, the court found that "ordering [the defendants] to comply with discovery requests as non-party fact witnesses to events regarding wholly separate claims against different defendants does not, in the abstract, interfere with their immunity." Here, however, defendants are correct that if the Sixth Circuit finds Jones and Chisholm are entitled to qualified immunity due to a lack of a constitutional violation, Blackwell's claim against Inkster would be in peril. This situation is different from *Flint Water*, where the court explained that "[i]f the state and MDEQ defendants are eventually dismissed as a result of their pending appeals, they will still be required to respond to discovery as a non-party." *Id.* at 827. Therefore, a stay of all proceedings is appropriate in this case.

IV. Conclusion

For the reasons stated above, defendants' joint motion to stay proceedings pending the outcome of the appeals (ECF No. 55) is GRANTED. Proceedings in this case are STAYED. No motions or other papers shall be filed during the stay,

5

with the exception of timely objections and responses to any pending Reports and Recommendations.[1]

SO ORDERED.

| | |
|---|---|
| Dated: November 21, 2024<br>Detroit, Michigan | s/Kimberly G. Altman<br>KIMBERLY G. ALTMAN<br>United States Magistrate Judge |

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

---

[1] On November 20, 2024, the undersigned filed a Report and Recommendation, recommending that Blackwell's emergency motion for a preliminary injunction be denied, (ECF No. 61), to which Blackwell has filed objections, (ECF No. 62).

6

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2024.

s/Dru Jennings  
DRU JENNINGS  
Case Manager