UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

       Plaintiff,                            Case No. 23-cv-13015

v.

                                                HON. MARK A. GOLDSMITH

STEVEN CHISHOLM, et al.,

       Defendants.
_____/

**OPINION AND ORDER (i) ADOPTING REPORT AND RECOMMENDATION, (ii) OVERRULING PLAINTIFF'S OBJECTION, AND (iii) DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (Dkt. 52)**

This matter is before the Court on Magistrate Judge Kimberly G. Altman's Report and Recommendation (R&R) recommending that the Court deny Plaintiff Charles Lamar Blackwell's emergency motion for a preliminary injunction (Dkt. 52). R&R at PageID.683 (Dkt. 61). Plaintiff filed an objection. (Dkt. 62). The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R in its entirety, (ii) overrules Plaintiff's objection and (iii) denies Plaintiff's motion for a preliminary injunction.

                **I.    BACKGROUND**

The full relevant factual background is set forth in the R&R. R&R at PageID.683–686. As set forth in the R&R, Plaintiff seeks a preliminary injunction based on Councilwoman Felicia Rutledge's response to Plaintiff's comment into the record during a city council hearing. In her response to Plaintiff's comment, Rutledge remarked "that the City of Inkster [ ] officially file a stalking (PPO) against [Blackwell] or at a minimum issue [him] a no-contact order due to [his]

speech via email or at Inkster City Council meetings." R&R at PageID.685 (citing Plaintiff's Decl. at PageID.611–612 (Dkt. 52-2)).

In his objection, Plaintiff argues that the R&R erred in its finding that Plaintiff's motion is not ripe for adjudication because it is based on speculative future events. Obj. at PageID.690. Plaintiff argues that, if the Court applied the case Kiser v. Reitz, 765 F.3d 601 (6th Cir. 2014), it would rule in his favor.

## II.  ANALYSIS

The Court has considered Plaintiff's objection and finds it to be without merit. The Court agrees with the magistrate judge that Plaintiff has not demonstrated a credible threat of imminent harm against him. Id. at PageID.690–693. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urb. Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002).

A court must weigh four factors when determining whether to grant a preliminary injunction: (i) "whether the party moving for the injunction is facing immediate, irreparable harm," (ii) "the likelihood that the movant will succeed on the merits," (iii) "the balance of the equities," and (iv) "the public interest." D.T. v. Sumner Cnty. Sch., 942 F.3d 324, 326 (6th Cir. 2019) (citations omitted). The Sixth Circuit explains that "even the strongest showing" on the second, third, and fourth factors, "cannot eliminate the irreparable harm requirement" required by the first factor. Id. at 326–27. The irreparable harm factor is "indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit." Id. at 327 (emphasis in original).

"To merit a preliminary injunction, an injury 'must be both certain and immediate,' not 'speculative or theoretical.'" Memphis A. Philip Randolph Inst. v. Hargett, 978 F.3d 378, 391 (6th

2

Cir. 2020) (citations omitted). A plaintiff can establish an imminent injury under the First Amendment by demonstrating an intention to engage in the protected conduct and a credible threat from the governmental entity authorized to act. See Fischer v. Thomas, 52 F.4th 303, 307 (6th Cir. 2022) (citing Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159 (2014)).

Plaintiff's motion argued that the councilwoman's comment threatened his First Amendment rights, but he does not identify an imminent threat from the City. Mot. at PageID.598. He acknowledges that the councilwoman's statement would need to be followed by a motion submitted to City Counsel. Id. at PageID.692–693. Such a motion would also have to be passed by the City Council. And ultimately a court would have to rule on whether the PPO request would be granted.

Plaintiff did not show that any of these events occurred or would imminently occur. Instead, he points only to one comment by one councilmember. This hardly shows an imminence of harm. In sum, the councilwoman's suggestion of a possible PPO does not create an injury or imminent threat of concrete harm to Plaintiff. The R&R is thus correct.

The Kiser case that Plaintiff urges the Court to consider is not applicable to this motion. Kiser did not involve a PPO. 765 F.3d 601. Instead, it addressed whether the district court erred in dismissing that case in its entirety, where the dismissal was based on standing and subject matter jurisdiction. Id. at 604. In that context, it discussed whether the Ohio State Dental Board had authority to enforce a regulation restricting a dental professional's ability to advertise as a specialist in endodontics while also practicing as a general dentist. Id. It also discussed the likelihood of adverse action, given that the board is charged with enforcing its regulations and had already issued warnings to the plaintiff that he would be subject to enforcement. Id. at 608–609. The analysis in Kiser had nothing to do with the imminence of harm in the context of deciding a

motion for preliminary injunctive relief. The Court overrules Plaintiff's objection that <u>Kiser</u> changes the outcome of his motion.

### III. CONCLUSION

The Court adopts the R&R (Dkt. 61), overrules Plaintiff's objection (Dkt. 62) and denies the motion for preliminary injunction (Dkt. 52).

**SO ORDERED.**

Dated: September 29, 2025  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

 s/Joseph Heacox
 JOSEPH HEACOX
 Case Manager