UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

    Plaintiff,

v.

STEVEN CHISHOLM, DAVID JONES,
and CITY OF INKSTER,

    Defendants.
_____/

Case No. 2:23-cv-13015
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION**[1]
**TO DENY PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES (ECF NO. 43)**

    I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Charles Lamar Blackwell (Blackwell), proceeding *pro se*, is suing the City of Inkster (Inkster), city council member Steven Chisholm (Chisholm), and city attorney David Jones (Jones) for First Amendment retaliation. (ECF No. 17). Under 28 U.S.C.

---

[1] "A motion to strike an affirmative defense is generally considered to be a dispositive motion and thus, the undersigned has prepared a report and recommendation, rather than an order." *Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 n.1 (E.D. Mich. Mar. 16, 2011) (collecting cases), *report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19, 2011).

1

§ 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 7).

## II. Background

On September 30, 2024, the district judge adopted the Report and Recommendation of the undersigned and denied defendants' motion to dismiss the amended complaint. (ECF No. 38). Defendants then filed answers to the amended complaint, with Jones's filed on October 14, 2024 (ECF No. 41) and a joint answer from Chisholm and Inkster on October 17, 2024 (ECF No. 42). Then, on October 17, 2024, Blackwell filed a motion to strike certain affirmative defenses from each of those answers. (ECF No. 43).

On October 28, 2024, Jones filed a notice of appeal informing the Court that he has appealed the district court's decision on qualified immunity, and the next day Chisholm filed a notice of appeal stating the same. (ECF Nos. 44, 46). Jones then responded to Blackwell's motion to strike affirmative defenses on October 31, 2024, arguing that (1) his appeal precluded Blackwell's motion, and (2) Blackwell had not met his burden to strike the affirmative defenses. (ECF No. 49). Blackwell filed a reply the following day, requesting that the Court defer

consideration of his motion until the interlocutory appeal was decided.[2] (ECF No. 50). The Court granted the request. (ECF No. 63).

On November 5, 2025, the Sixth Circuit Court of Appeals denied defendants' appeal, upheld the determination that Blackwell alleged a plausible claim against Jones and Chisholm, and dismissed Inkster's appeal for want of jurisdiction. (ECF No. 66). On November 25, 2025, the Sixth Circuit denied defendants' petition for rehearing (ECF No. 67), and on December 2, a mandate was issued (ECF No. 68). Thereafter, the undersigned entered a scheduling order. (ECF No. 69).

On December 30, 2025, Blackwell filed a substantive reply to his motion to strike, (ECF No. 71), making it fully briefed and ready for consideration.

### III. Discussion

#### 1. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783

---

[2] Blackwell says that his motion would not be precluded as to Inkster, given that Inkster has no appeal pending, but nonetheless requests that decision on the entire motion be deferred.

F.3d 1045, 1050 (6th Cir. 2015); *see also Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011) (explaining that "such motions are generally regarded with disfavor because of the limited importance on pleading in federal practice, and because they are often used as a delaying tactic" (internal quotation marks and citations omitted)), *report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19, 2011). "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *G & W Constr. Co.*, 783 F.3d at 569 (internal quotation marks and citation omitted). Ultimately, "the decision whether to strike an affirmative defense is wholly discretionary." *Jeeper's of Auburn, Inc.*, at *2; *see also Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio 2005) ("Rule 12(f) permits the Court to act with discretion in that it may strike irrelevant and superfluous defenses or let them stand. There is absolutely no harm in letting them remain in the pleadings if, as the Plaintiff contends, they are inapplicable.").

A motion to strike is "properly granted when plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (internal quotation marks and citations omitted); *see also Hahn v. Best Recovery Servs., LLC*, No. 10–12370, 2010 WL 4483375, at

*2 (E.D. Mich. Nov. 1, 2010) ("A motion to strike an affirmative defense under Rule 12(f) is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." (internal quotation marks and citations omitted)). "The motion also is proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id.* (internal quotation marks and citations omitted). That said, "a motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Mockeridge v. Alcona Cnty. by Bd. of Comm'rs*, 599 F. Supp. 3d 561, 569 (E.D. Mich. 2022) (internal quotation marks and citation omitted); *Hahn*, at *2 (noting that "a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits" (internal quotation marks and citation omitted)).

2.   Application

Under Federal Rule of Civil Procedure 8(b), a party is required to "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A). "The purpose of [the rule] is to give the opposing party notice of the affirmative defense and a chance to respond." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). Moreover, "[a]lthough [d]efendants bear the burden of proving they affirmative defenses," they do not need to "describe facts supporting those

5

affirmative defenses" when pleading them. *Pough v. DeWine*, No. 2:21-cv-00880, 2023 WL 1812641, at *1 (S.D. Ohio Feb. 8, 2023).

Here, defendants have met the requirements of Rule 8(b). They stated their affirmative defenses in short and plain terms and did so in a way that gave Blackwell notice of what defenses are involved in this litigation. Nothing additional is required.

The bulk of Blackwell's motion is devoted to arguing the merits of defendants' affirmative defenses. However, "[t]he questions plaintiff raises regarding the factual bases for defendants' affirmative defenses can and should be addressed during the discovery process, not through a motion to strike." *Jeeper's of Auburn, Inc.*, 2011 WL 1899195, at *2 (citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) where "the Sixth Circuit evaluated, and found sufficient, an affirmative defense where a defendant which simply stated 'Plaintiffs' claims are barred by the doctrine of res judicata.' "). Although Blackwell is correct hat defendants' affirmative defense of failure to state a claim was not successful, it does not follow that the defense itself was improperly asserted. And Blackwell's arguments that defendants' defense of issue preclusion should be raised in or in response to a dispositive motion fares no better. This affirmative defense, like the others, may be pled at this time and proven later.

In sum, because defendants "bear[ ] the burden of proving [their] affirmative

defenses[,]" the undersigned finds "there is no prejudice to plaintiff in allowing these defenses to stand." *Jeeper's of Auburn, Inc.*, at *3. Moreover, "Rule 12(f) permits the Court to act with discretion in that it *may* strike irrelevant and superfluous defenses or let them stand[,]" and ultimately, "[t]here is absolutely no harm in letting them remain in the pleadings if, as [Blackwell] contends, they are inapplicable." *Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005) (emphasis in original). Thus, Blackwell's motion should be denied.

IV. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Blackwell's motion to strike affirmative defenses (ECF No. 43) be DENIED.

Dated: January 14, 2026  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager
