UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

      Plaintiff,

v.

STEVEN CHISHOLM, DAVID JONES,
and CITY OF INKSTER,

      Defendants.

_____/

Case No. 2:23-cv-13015
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR ORDER AUTHORIZING REMOTE DEPOSITIONS
(ECF NO. 76)[1]**

I.      Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff Charles Lamar

Blackwell (Blackwell), proceeding *pro se*, is suing the City of Inkster (Inkster),

city council member Steven Chisholm (Chisholm), and city attorney David Jones

(Jones) for First Amendment retaliation.  (ECF No. 17).  Under 28 U.S.C.

§ 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No.

7).

---

[1] Upon review of the motions, the undersigned deems these matters appropriate for
decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR
7.1(f)(1).

Before the Court is Blackwell's motion for order authorizing remote depositions.  (ECF No. 76).  Due to his "significant physical disability," Blackwell seeks an order stating that depositions in this case will be conducted remotely.  (*Id.*).  Defendants have filed responses (ECF Nos. 80, 82) and Blackwell has filed a reply (ECF No. 81).  For the reasons that follow, Blackwell's motion will be GRANTED IN PART and DENIED IN PART.  Blackwell's deposition by defendants will be conducted in-person, but Blackwell may take depositions of others remotely if he so chooses.

II.      Discussion

1.      Legal Standard

"When the parties have a dispute over the location of a deposition, courts have wide discretion in resolving the matter."  *Sun Life Assurance Co. of Canada v. Conestoga Tr. Servs., LLC*, No. 3:14-CV-539-PLR-HBG, 2016 WL 9781803, at *1 (E.D. Tenn. Jan. 4, 2016); *see also In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-md-02744, 2017 WL 4216193, at *3 (E.D. Mich. Sept. 22, 2017) (recognizing district courts' "wide discretion to establish the time and place of depositions ").  Under Federal Rule of Civil Procedure 30(b)(4), a court can grant a party's request to virtually depose a witness where the party has established a "legitimate reason" for conducting the deposition remotely.  *Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, No. 3:19-CV-00014, 2022 WL 4554433, at

2

*2 (W.D. Ky. Sept. 29, 2022).  "Upon showing a legitimate reason, the burden then shifts to the nonmoving party to show precisely why a remote deposition would prejudice [him]."  *Id.*

### 2.    Application

Blackwell says that due to his disability, being paralyzed and confined to a wheelchair, requiring his in-person attendance at depositions would impose unnecessary physical hardship and logistical barriers that can be avoided through videoconferencing technology.  Defendants argue that Blackwell's motion should be denied in part, because requiring them to take Blackwell's deposition remotely would prejudice them.  Specifically, defendants say they are entitled to an in-person deposition in order to sufficiently question Blackwell, assess his demeanor and overall credibility, effectively present exhibits, and confirm that Blackwell is not relying on answers from unseen materials or other individuals.

Similar arguments were assessed in a recent case in this district, *Warner v. Gilbarco, Inc.*, No. 2:24-CV-12333, 2025 WL 3047881 (E.D. Mich. Oct. 30, 2025).  In *Warner*, the plaintiff requested a disability accommodation in the form of any deposition being conducted via Zoom or equivalent platform.  *Id.* at *3. The district court denied the request for a remote deposition for plaintiff, explaining in part that "[the defendants]' right to see whether [the plaintiff] is looking at a computer or documents as she testifies, verification that [the plaintiff]

is alone, ability to better observe body language, etc." was good reason for the deposition to occur in person. *Id.* These concerns exist in equal force here, and the Court agrees with defendants that the proper balance is to require Blackwell's in-person attendance but allow Blackwell to notice his own remote depositions.

Further, defendants note that Blackwell's deposition will be noticed at 211 W. Fort St., Detroit, Michigan, a building which also houses the U.S. Bankruptcy Court for the Eastern District of Michigan, the U.S. Attorney's Office for the Eastern District of Michigan, and the Mediation Tribunal Association, and is ADA compliant and wheelchair accessible. (ECF No. 80, PageID.1082). The Court also independently notes that Blackwell's claims arise from his in-person attendance at city council meetings and should this case proceed to trial, Blackwell will be required to appear in-person. Although the Court is sympathetic to Blackwell's situation, it finds that for Blackwell's deposition, the prejudice to defendants outweighs his cause for requesting it to be conducted remotely.

### III.    Conclusion

For the reasons stated above, Blackwell's motion for order authorizing remote depositions (ECF No. 76) is GRANTED IN PART and DENIED IN PART. Blackwell's deposition by defendants will be conducted in-person, but Blackwell may take depositions of others remotely if he so chooses.

Dated: February 19, 2026                       s/Kimberly G. Altman
Detroit, Michigan                              KIMBERLY G. ALTMAN
                                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 19, 2026.

                                               s/Dru Jennings
                                               DRU JENNINGS
                                               Case Manager