UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

     Plaintiff,

v.

STEVEN CHISHOLM, DAVID JONES,
and CITY OF INKSTER,

     Defendants.

_____/

Case No. 2:23-cv-13015
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

**ORDER RESOLVING PLAINTIFF'S MOTIONS TO COMPEL
(ECF NOS. 75, 79, 86)**[1]

I.      Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff Charles Lamar Blackwell, proceeding *pro se*, is suing the City of Inkster, city council member Steven Chisholm, and city attorney David Jones for First Amendment retaliation. (ECF No. 17).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 7).  Under the current scheduling order, discovery closes June 9, 2026 and dispositive motions are due by July 9, 2026.  (ECF No. 92).  Before the Court are Blackwell's following motions:

_____

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

- Motion to Compel Non-Party Schenk and Bruetsch PLC to Comply with Rule 45 Subpoena (ECF No. 75)

- Motion to Compel Non-Party Saif Alsenad's Compliance with Rule 45 Subpoena and to Require a Sworn Declaration or Affidavit (ECF No. 79)

- Motion to Compel Discovery from Chisholm and the City of Inkster and to Deem the Requests for Admission to Plaintiff as Admitted (ECF No. 86)

Schenk and Bruetsch PLC filed a response to Blackwell's motion. (ECF No. 77), and Blackwell filed a reply, (ECF No. 78).  Neither Alsenad nor Chisholm and the City of Inkster responded to Blackwell's motions and the time for doing so has passed.  For the reasons that follow, Blackwell's motion to compel directed at Jones[2] (ECF No. 75) is DENIED, and his motions to compel directed at Alsenad, Chisholm, and Inkster (ECF Nos. 79, 86) are GRANTED.  The production required of Alsenad, Chisholm, and Inkster is detailed below, and all required production shall be made within thirty days of entry of this order.

II.    Legal Standards

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[2] Schenk & Bruetsch PLC is the law firm at which Jones was employed at times relevant to the allegations.

2

Fed. R. Civ. P. 26(b)(1).  The scope, however, may be "limited by court order," *id.*, meaning it is within the sound discretion of the Court.  *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) (citation omitted) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.").  Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence."  Fed. R. Civ. P. 26(b)(1).

A party may serve on another party written interrogatories and requests for production of documents.  Fed. R. Civ. P. 33, 34.  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if… (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection –as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(4).  Rules 33(b)(4) and 34(b)(2) provide that a party has 30 days in which to file written objections to interrogatories and

3

requests for production of documents.  Fed. R. Civ. P. 33(b)(4), 34(b)(2).  Pursuant to these rules, any objection "which is not timely stated is waived."  *Id.*

As for requests for admissions, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  However, "[a] shorter or longer time for responding may be ... ordered by the court."  *Id.*  Under Rule 36(b), the court may, on motion, permit an admission to be withdrawn or amended.  The court may do so "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Fed. R. Civ. P. 36(b).

### III.    Discussion

A.    Blackwell's Non-Party Subpoena to Schenk & Bruetsch

Blackwell's first motion pertains to perceived deficiencies in Schenk & Bruetsch's response to his non-party subpoena.  (ECF No. 75).  Blackwell says that he served Schenk & Bruetsch with a narrowly tailored subpoena seeking Jones's emails for March 2022 through November 2023 using eight targeted ESI search terms directly tied to Jones's personal protection order (PPO) and alleged retaliation.  He further says that Schenk & Bruetsch unilaterally imposed a July 22, 2022, cutoff date, produced only 63 emails, and logged only four emails as

privileged, while withholding the remaining hundreds of responsive emails as supposedly irrelevant.  Blackwell's keywords for the subpoena were: Blackwell, PPO, Stalker, Stalking, Harass, Chisholm, Arrest, and Retaliatory.  (ECF No. 75-2, PageID.813).

Schenk & Bruetsch says that the keyword search proposed by Blackwell, even limited to Jones's emails, was very broad and unsurprisingly generated many hits that were related to other client matters, were "junk" emails, or involved unrelated Blackwell matters, as they say Blackwell is a serial litigant against Inkster and other municipalities and frequently files FOIA requests.  Blackwell refused to narrow his terms or use Boolean search terms, which could turn up hits that combined keywords while excluding documents that just included one search term.  Nevertheless, Schenk & Bruetsch says it conducted the search and produced all unprivileged records that were relevant to Blackwell's claims.  (ECF No. 77).  As noted above, Schenk & Bruetsch did not include documents postdating July 21, 2022, the day Jones filed a PPO request against Blackwell, due to relevancy.  (*Id.*, PageID.982).

As Blackwell argues, "[t]he Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position."  *Nelson v. I.Q. Data Int'l, Inc.*, No. 22-12710, 2024 WL 2963790, at *2 (E.D. Mich. June 12,

2024) (citing *Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010); *Johnson v. Serenity Transp., Inc.*, No. 15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016)). However, the only duty of the subpoenaed party is to produce documents that are relevant and proportional to the needs of the case, and "[d]emonstrating relevance is the burden of the party seeking discovery." *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citing *Katz v. Batavia Marine & Sporting Supplies,* 984 F.2d 422, 424 (Fed. Cir. 1993); *Echostar Communications Corp. v. The News Corporation Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998); *Compaq Computer Corp. v. Packard Bell Electronics, Inc.,* 163 F.R.D. 329, 335 (N.D. Cal. 1995)).

Here, the Court agrees that Blackwell's proposed search terms are overly broad and sustains Schenk & Bruetsch's objections. The Court also recognizes that Schenk & Bruetsch in good faith produced relevant documents containing Blackwell's search terms and finds no reason to doubt that written discovery for the period of March 2022 to July 21, 2022 has been sufficient. Even under the heightened scrutiny for discovery of opposing counsel, *see Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002),[3] documents from July 22,

---

[3] In *Nationwide*, the Sixth Circuit adopted the factors from *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986) in conducting discovery from opposing counsel, which are that discovery is "limited to where the party seeking to take the

2022 through November 2023 may be relevant and crucial to Blackwell's case.  It is not unlikely that the reasons behind the PPO were discussed after its filing.

That said, the Court has also found that the requested search terms are overly broad and must be narrowed before discovery is ordered.  Therefore, Blackwell's current motion is denied.  Blackwell may attempt to narrow the terms on his own or work with Schenk & Bruetsch to narrow the terms in a fashion that will limit hits to items that are likely to be relevant to Jones's pursuit of a PPO against him.

Blackwell also argues that Schenk & Bruetsch's privilege log was inadequate.  A privilege log should contain the "date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery." *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118, 120 (E.D. Mich. 2019) (quoting *Clark Const. Grp., Inc. v. City of Memphis*, 2005 WL 6187896 (W.D. Tenn. Feb. 9, 2005)).  Here, the privilege log was as follows:

> 1. Email dated July 20, 2022, from David Jones to Saif Alsenad at City of Inkster, regarding Department staff meeting, withheld on grounds of attorney-client privilege.
>
> 2. Email chain: July 21, 2022 emails among Neil Pioch (S&B) and David Jones, regarding Blackwell harassment, withheld on grounds of attorney-

---

deposition has shown that (1) no other means exist to obtain the information…; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."

client privilege and work product.

3. July 21, 2022 email among Neil Pioch (S&B) and David Jones, regarding Blackwell harassment, withheld on grounds of attorney-client privilege and work product.

4. July 22, 2022 email from Tara Kendrick (S&B) to David Jones, subject Exhibits for PPO, withheld on grounds of attorney-client privilege and work product.

(ECF No. 75-5, PageID.832-833).

The Court finds that these entries adequately describe the withheld information and that Schenk & Bruetsch is not required to include in its privilege log emails that did not appear in its search or were not relevant or proportional to the needs of the case.

           B.     Blackwell's Non-Party Subpoena to Saif Alsenad

Next, the Court considers Blackwell's motion to compel responses to his non-party subpoena to Saif Alsenad, who he says served as the executive assistant to the mayor of Inkster at the time of the allegations.  (ECF No. 79).  Blackwell sought production of communications between Alsenad and the mayor regarding Blackwell's "speech, conduct, or activism"; "attendance or participation at Inkster City Council meetings"; "[c]omplaints, concerns, reactions, or strategies regarding" Blackwell; and "discussion of law enforcement, legal action, retaliation, discipline, surveillance, or response involving" Blackwell.  (ECF No. 79-2). Blackwell also sought metadata for those documents and information regarding the

8

deletion of said documents, all for the time period of January 1st, 2021 through November 2nd, 2023.  (*Id.*).

Through his attorney, Alsenad represented that he had no responsive documents to the subpoena.  Blackwell then asked Alsenad's attorney to have Alsenad provide a signed declaration under penalty of perjury confirming that "(1) [Alsenad] possesses no responsive documents and (2) that none existed in the past which were deleted."  (ECF No. 79-4, PageID.1070).  Alsenad's attorney responded that "[his] client politely declines your request for a sworn statement.  I have already provided you his response which is that he is in possession of no material that is responsive to your subpoena.  There is no legal requirement that my client do anything further to comply."  (ECF No. 79-5, PageID.1072).

Blackwell has certified that he served his motion to compel on Alsenad's attorney at the same email address they used to communicate.  (ECF No. 79, PageID.1058).  Alsenad, through counsel or otherwise, has not responded to the motion.

Blackwell acknowledges that "courts cannot compel parties to produce that which does not exist."  (ECF No. 79, PageID.1054) (citing *Jordan v. Kforce, Inc.*, No. 21-cv-04229, 2023 WL 12223476, at *2 (N.D. Ill. Feb. 28, 2023); *Solly v. Mausser*, No. 2:15-cv-956, 2017 WL 4280935, at *2 (S.D. Ohio Sept. 27, 2017) ("the Court cannot compel what does not exist")).  However, there is ample

authority for the proposition that the Court can, and often should, require a declarant to swear or confirm in writing that it does not have responsive documents.  *See Kipp v. Laubach*, 2019 WL 3219801, at *2 (N.D. Tex. July 17, 2019); *Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018); *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80-BAJ-RLB, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016); *Brookshire v. Jackson Pub. Schs.*, No. 3-13-772 HTW-LRA, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015); *Beasley v. First American Real Estate Info. Servs., Inc.*, No. 3-04-1059-B, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005).  Alsenad has not responded to Blackwell's motion to present reasons that he should not have to do so.

In *Los Angeles Unified Sch. Dist. v. S&W Atlas Iron & Metal Co.*, No. 2:20-CV-5330-SB (SK), 2021 WL 4706696 (C.D. Cal. Aug. 20, 2021), the court faced a similar situation: a non-party subpoena was issued to an entity that simply responded that it did not have responsive documents to the request.  The court observed that "[w]hile it seems like it should be straightforward enough, the Court's authority to grant [the plaintiff] the discovery relief it seeks is not obvious from the text of the federal rules of civil procedure."  *Id.* at *2.  "[The non-party] has undeniably waived any objections to the subpoenas."  *Id.* (citing Fed. R. Civ. P. 45(d)(2)(B); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)).  "But, at the same time, [the non-party] has not (strictly

speaking) refused to comply with the subpoenas, either." *Id.*

The plaintiff in *Los Angeles Unified School District* simply sought a sworn declaration from the non-party that credibly proved the truth of the assertion that the non-party had no responsive documents. *Id.* The court noted that neither Rule 45 nor Rule 37 expressly provide mechanisms for party enforcement or avenues for court relief, but that nevertheless, the non-party could not "escape through these cracks." *Id.* "When a discovery dispute is technically 'governed not by rule or statute,' the Court may still rely on its inherent discretionary powers to 'achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Ultimately, the court granted the plaintiff's motion to compel and ordered the non-party to provide a sworn declaration that it had no responsive documents to the plaintiff's subpoena. *Id.* at *3.

Based on the reasons above, this Court will do the same. Blackwell's motion to compel non-party Alsenad to provide a sworn declaration or affidavit under penalty of perjury is granted. Within thirty days of entry of this order, Alsenad shall provide Blackwell with a sworn declaration or affidavit stating:

- That a diligent and reasonable search was conducted;

- The devices, accounts, and repositories searched;

- That no responsive documents exist in his possession, custody, or control; and

- Whether any responsive documents were deleted, destroyed, or altered

11

before or after receipt of the subpoena.

C.     Blackwell's Discovery Requests to Chisholm and the City of Inkster

Lastly, the Court considers Blackwell's unopposed motion to compel

directed at defendants Chisholm and the City of Inkster.  (ECF No. 86).  In his

motion, Blackwell states that he received responses to his interrogatories, requests

for production (RFPs), and requests for admission (RFAs) from Chisholm and

Inkster on January 9, 2026; that two days later he sent defense counsel for those

parties a deficiency letter; that counsel agreed to address the deficiencies by

February 20, 2026; and that as of that date, Blackwell had not received corrected

discovery responses.  (*Id.*).  Blackwell followed up on many occasions, and on the

evening of February 20, defense counsel advised Blackwell that defendants would

not be correcting their discovery responses.  (*Id.*).  Blackwell asks the Court to

order Chisholm and Inkster to produce full responses to his discovery requests;

deem certain requests for admission admitted; and, as a "sanction," extend

discovery by 26 days.  (*Id.*).

Neither Chisholm nor Inkster have responded to Blackwell's motion to

compel.  The Court will address Blackwell's alleged deficiencies as to these

defendants below, noting that a defendant's failure to respond to a motion to

compel constitutes waiver of its opposition to the motion.  *Stewart v. Marathon*

*Petroleum Co., LP*, No. 2:18-CV-12510, 2020 WL 12763077, at *1 (E.D. Mich.

Dec. 7, 2020).

1.      Chisholm's Responses

a.      Requests for Admission

Blackwell notes that Chisholm left his responses to RFAs 1 through 4 blank. (ECF No. 86-3, PageID.1411-1412).  These requests are therefore deemed admitted.

Next, Blackwell says that RFAs 9, 10, 11, 12, 17, and 18 should be deemed admitted because Chisholm merely objected to the RFAs and did not admit, deny, or state why he cannot truthfully admit or deny.  *See* Fed. R. Civ. P. 36(a)(4).  A party may also object to an RFA, but "[t]he grounds for objecting to a request must be stated."  Fed. R. Civ. P. 36(a)(5).

Having waived his opposition to Blackwell's motion, Chisholm has not substantiated his objections or offered the Court any reason to uphold them. Furthermore, many of the objections are invalid on their face.  For instance, Chisholm repeatedly objects based on the RFA calling for a legal conclusion, but RFAs may explicitly call for admissions of "facts, the application of law to fact, or opinions about either" under Rule 36(a)(1)(A).  Chisholm also asserts privilege without explaining why and objects to other RFAs that call for "pure conjecture and speculation" even though they are requests for factual admissions.  *See* ECF No. 86-3, PageID.1415 ("RFA 14: Admit that Plaintiff Blackwell's speech about

13

you, Defendant Jones, and other Inkster officials were often critical, negative, controversial, or derogatory."). Chisholm also objected to the unlimited temporal scope of some RFAs, despite the time period being limited in Blackwell's preface to the RFAs. Therefore, the Court finds that Chisholm RFAs 1, 2, 3, 4, 9, 10, 11, 12, 17, and 18 are admitted.

### b. Interrogatories

As for Blackwell's interrogatories to Chisholm, Blackwell submitted seventeen interrogatories, all of which were objected to and none of which were answered. (ECF No. 86-3). Many of Chisholm's objections asserted attorney-client privilege without explanation, and the others were for relevancy, scope, and for the use of compound questions without analysis of whether Blackwell exceeded his allotted interrogatories if they were counted separately. Blackwell asks that the Court order Chisholm to respond to all except interrogatory four. Based on Chisholm's failure to oppose this request and the insufficiency of his objections, the Court will grant this request. Chisholm is ordered to respond to interrogatories 1-3 and 5-17 and all subparts within thirty days of entry of this order and without objection.

### 2. Inkster's Responses

### a. Requests for Admission

Blackwell sent eight RFAs to Inkster. (*Id.*). He notes that four of these—

14

RFAs 1, 7, and 8—were responded to with objections that the information was equally available to Blackwell. (*Id.*). Blackwell argues that this is not a valid objection, as a responding party must either admit the matter, deny it, or state why it cannot truthfully admit or deny. The Court notes that RFAs may also be objected to, suggesting that an objection is a fourth avenue for responding, but that in any event, Inkster has waived its ability to argue that this is a valid objection. The Court is unaware of any support for Inkster's apparent proposition that an RFA may be sidestepped because the information it would verify is accessible to the other party. This analysis generally pertains to production of documents that would be unduly burdensome because the other party has equal access to the documents. Therefore, RFAs 1, 7, and 8 are deemed admitted.

RFA 6 is also admitted because as Blackwell points out, it seeks an admission regarding an Inkster employee, and Inkster's objection that it seeks "information from third parties and information not within its possession, custody, control, or personal knowledge" is erroneous. (*Id.*, PageID.1430).

RFAs 2-5 regard invoices and payments for legal services. Inkster responded to each with "Objection. Defendant objects because this request calls for the disclosure of attorney work product and/or privileged information." (*Id.*, PageID.1429-1430). There is no explanation of how this information is privileged and Inkster has waived the right to defend the objection here. Therefore, these

15

RFAs are also deemed admitted.

> b.      Requests for Production

Blackwell requests that the Court compel production of the documents requested in each of his seven RFPs to Inkster.  Inkster objected to each request and did not produce a single document.  (*Id.*, PageID.1442-1446).  As a preliminary matter, the Court finds that Inkster did not respond to the set of RFPs in good faith, underscored by its failure to respond to Blackwell's motion to compel.

As for RFP 1, Blackwell requested "all City of Inkster City Council meeting closed session meeting minutes for each Inkster City Council meeting that occurred from January 2022 to November 2023."  As Blackwell notes, Inkster's assertion of attorney-client privilege here is questionable if there are meeting minutes regarding Jones's PPO, to which Inkster was not a party.  Furthermore, at least one court has allowed for the disclosure of closed session meeting minutes under seal.  *See Mockeridge v. Alcona Cnty. by Bd. of Commissioners*, 599 F. Supp. 3d 561, 577 (E.D. Mich. 2022).  Considering the balance of Inkster's interest in limiting the disclosure of closed meeting minutes, *see id.*, with its waiver of opposition to Blackwell's motion, the Court orders that any closed session meeting minutes referencing Blackwell or any PPO sought by Jones be filed under seal

16

within thirty days of entry of this order.

Regarding the rest of the RFPs, the Court orders that all responsive documents be produced to Blackwell within thirty days of entry of this order. If Inkster withholds any documents, it is to state how many documents have been withheld and the general nature of the documents. If Inkster asserts a privilege, it must submit a privilege log with its responses. Documents subject to privilege are expected to be redacted and produced rather than withheld. Dollar and hour amounts on invoices, billing statements, or payments shall not be redacted or withheld. Documents shall not be withheld for being outside of the temporal scope of the case if they are in reference to occurrences between January 2022 and November 2023. Inkster shall not withhold documents that are in equal possession or access to Blackwell. And documents from the Inkster Police Department or any contracted information technology service provider shall not be withheld as being outside of Inkster's possession, custody, or control.

Finally, Blackwell's requested "sanction" that the scheduling order be extended is now moot; the scheduling order has been extended. However, Chisholm and Inkster are cautioned that they must follow the rules regarding discovery and motion practice or face potential sanctions.

## IV.    Conclusion

For the reasons stated above, Blackwell's motion to compel directed at Jones

(ECF No. 75) is DENIED, and his motions to compel directed at Alsenad, Chisholm, and Inkster (ECF Nos. 79, 86) are GRANTED.  The production required of Alsenad, Chisholm, and Inkster is detailed above, and all required production shall be made within thirty days of entry of this order.

       SO ORDERED.

Dated: April 6, 2026                   s/Kimberly G. Altman
Detroit, Michigan                  KIMBERLY G. ALTMAN
                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2026.

                   s/Dru Jennings
                   DRU JENNINGS
                   Case Manager