UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

      Plaintiff,

v.

      Case No. 2:23-cv-13015
      District Judge Mark A. Goldsmith
      Magistrate Judge Kimberly G. Altman

STEVEN CHISHOLM, DAVID JONES,
and CITY OF INKSTER,

      Defendants.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT CITY OF INKSTER (ECF NO. 97)**[1]

I.      Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff Charles Lamar Blackwell, proceeding *pro se*, is suing the City of Inkster, city council member Steven Chisholm, and city attorney David Jones for First Amendment retaliation. (ECF No. 17).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 7).  Under the current scheduling order, discovery closes June 9, 2026, and dispositive motions are due by July 9, 2026.  (ECF No. 92).

_____

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

Before the Court is Blackwell's motion to compel the City of Inkster to serve full and complete responses to Blackwell's interrogatories.  (ECF No. 97). Inkster has filed a response to Blackwell's motion (ECF No. 100), and Blackwell has filed a reply (ECF No. 101), making the motion ready for consideration.  For the reasons that follow, Blackwell's motion to compel will be GRANTED IN PART.  As will be explained, Inkster shall supplement its responses and respond fully, without objection, to interrogatories 4, 5, 6, 7, 8, and 11 within twenty-one (21) days of entry of this order.  Inkster's assertion of attorney-client privilege as to interrogatories 9 and 10 is sustained.

## II.    Legal Standard

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  The scope, however, may be "limited by court order," *id.*, meaning it is within the sound discretion of the Court.  *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) (citation omitted) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that

2

same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.").  Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence."  Fed. R. Civ. P. 26(b)(1).

A party may serve on another party written interrogatories and requests for production of documents.  Fed. R. Civ. P. 33, 34.  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if… (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection –as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(4).  Rules 33(b)(4) and 34(b)(2) provide that a party has 30 days in which to file written objections to interrogatories and requests for production of documents.  Fed. R. Civ. P. 33(b)(4), 34(b)(2).  Pursuant to these rules, any objection "which is not timely stated is waived."  *Id.*

## III.    Discussion

Blackwell moves for full and complete answers to interrogatories 4 through 11 that were served on Inkster.  The interrogatories and responses are included in Blackwell's previous motion to compel regarding other discovery requests.  (ECF

3

No. 86-3).  Inkster objected to each interrogatory and did not provide answers,

citing the attorney-client privilege, Blackwell's use of compound questions,

information outside of its knowledge, and that requests requiring a compilation of

information or documents would be undue effort beyond the scope of standard

discovery requests.  (*Id.*).  In its response to Blackwell's motion, Inkster entirely

misses the mark, arguing about *production of documents* rather than *interrogatory*

*responses*.  Nevertheless, the Court will assess the interrogatories and Inkster's

stated objections below.

> Interrogatory 4 states:
>
> From April 2022 to November 2023, please identify all Inkster City
> Council "closed sessions" in which the PPO and MPO against Plaintiff
> Blackwell was discussed
>
> For each meeting, identify:
>
> > (a) date;
>
> > (b) substance of what was discussed

(ECF No. 86-3, PageID.1434-1435).

Inkster objected to this request, citing attorney-client privilege.  "The

attorney-client privilege protects the confidentiality of communications between

attorney and client made for the purpose of obtaining legal advice." *01*

*Communique Lab., Inc. v. Citrix Sys., Inc.*, No. 06-00253, 2015 WL 13649574, at

*2 (N.D. Ohio Apr. 17, 2015) (quoting *Genentech, Inc. v. United States ITC*, 122

F.3d 1409, 1415 (Fed. Cir. 1997) ); *see also Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005) (quoting *In re Grand Jury Subpoena*, 886 F.2d 135, 137 (6th Cir. 1989)) ("The attorney-client privilege protects from disclosure confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client."). "While the attorney-client privilege is narrowly construed to avoid overly restricting discovery, its scope is determined in light of its purpose—to increase full and frank communication between an attorney and his client." *Zen Design Grp. Ltd. v. Scholastic, Inc.*, 327 F.R.D. 155, 159 (E.D. Mich. 2018) (citation omitted).  The privilege "protects only those communications necessary to obtain legal advice." *Ross*, 423 F.3d at 600 (quoting *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002)).  The burden of establishing that the attorney-client privilege is applicable to particular communications rests with the party asserting the privilege. *United States v. Krug*, 379 F. App'x 473, 478 (6th Cir. 2010); *see also* Fed. R. Civ. P. 26(b)(5).

In its response, Inkster notes that the information requested concerns communications between Jones and the Inkster City Counsel while Jones served as Inkster's counsel.  While that fact is uncontroverted, Inkster has not sustained its burden to show that the entire interrogatory request was protected.  The Court finds that the attorney-client privilege applies to subpart (b), such that Inkster need not

5

disclose the substance of the closed meeting discussions, but it must answer whether any such discussions occurred and on what dates.[2]

Interrogatory 5 requests "the specific date on which Plaintiff Charles Blackwell was purportedly falsely arrested by the City of Inkster" and "the corresponding Inkster Police Department police report number for that alleged incident."  (ECF No. 86-3, PageID.1435).  Inkster did not answer because the request included "multiple separate inquiries that should be broken down into distinct requests."  (*Id.*).  Inkster does not defend this objection in its response, and the Court is unaware of any legal authority to sustain such an objection.[3]  Thus, Inkster must respond to this request.  The same is true for Inkster's response to interrogatory 6, which requests the lawsuit case caption and case number for any lawsuit in which Blackwell has sued Inkster for false arrest or false imprisonment. Inkster is ordered to supplement its responses to these interrogatories without

---

[2] Blackwell argues that Inkster has waived the attorney-client privilege by failing to produce a privilege log; however, Rule 26 only requires a party to provide a privilege log when it withholds "documents, communications, or tangible things." *See Atchison, v. Hubbell Industrial Controls, Inc.*, No. 3:24-CV-00922, 2025 WL 4661922, at *7 (M.D. Tenn. Nov. 14, 2025) (citing Fed. R. Civ. P. 26(b)(5)(A)).

[3] To the extent that compound questions go against the limitation on the number of interrogatories that may be submitted, it does not appear, nor does Inkster argue, that Blackwell has issued more than 25 interrogatories to Inkster, even considering compound questions as separate interrogatories.

objection.

Interrogatory 7 states:

From January 1, 2021 through December 1, 2023, identify whether Inkster Mayor Patrick Wimberly, any member of the Inkster City Council, or any member of the Inkster Police Department engaged in any oral or written communications— including but not limited to emails, text messages, memoranda, notes, telephone calls, in-person conversations, or discussions during City meetings—regarding any method, means, plan, or procedure to arrest Plaintiff Charles Blackwell in response to, because of, or for the purpose of deterring his speech, including speech delivered via email or at Inkster City Council meetings. For each communication identified, state:

    1. The date of the communication;

    2. The persons involved;

    3. The substance of the communication;

    4. Whether it was oral or written; and

    5. If written, identify the document, its custodian, and its current location.

(*Id.*, PageID.1436).

Inkster objected to this request because it seeks "information from third parties and information not within its possession, custody, control, or personal knowledge." (*Id.*). Blackwell is correct that the information requested regarding the mayor, city council, and police department is not from "third parties," but rather from the City of Inkster itself. The mayor, city council, and police department are merely sub-units within the City. Inkster did not address this argument in its response. The Court therefore orders Inkster to supplement its

7

response to this interrogatory without objection.

For interrogatory 8, Blackwell requested the total approximate amount that Inkster paid to Schenk & Bruetsch PLLC (Jones's firm) for any and all legal work performed in connection with Jones's PPO litigation against Blackwell.  Inkster objected that the interrogatory would require it to compile, summarize, or analyze documents or information and that the request was subject to the attorney-client privilege.

It is true that a party is not required to create a document in response to an interrogatory.  *See Harris v. Advance Am. Cash Advance Ctrs., Inc.*, 288 F.R.D. 170, 172 (S.D. Ohio 2012).  But where, as here, an interrogatory does not require creation of a document but "simply require[s] a response," there is no reason to object.  *Beijing Fito Med. Co., Ltd. v. Wright Med. Tech., Inc.*, No. 15-CV-02258-JPM-TMP, 2016 WL 10518448, at *5 (W.D. Tenn. July 1, 2016).  Furthermore, while Inkster argues that billing statements and time records are protected by the attorney-client privilege to the extent that they reveal litigation strategy and/or the nature of the services performed, citing *Matter of MTG, Inc.*, 645 B.R. 557, 564 (Bankr. E.D. Mich. 2022), Blackwell has only requested an approximate dollar amount.  Therefore, the Court orders Inkster to supplement its response to this interrogatory without objection.

Interrogatory 9 requests "the factual and legal basis for the Inkster City

Council's decision (formal or informal) to financially support, authorize payment for, or otherwise use City funds or resources to pay for" Jones's PPO litigation against Blackwell, including factual circumstances relied upon; legal authority and policies relied upon; dates that decisions were made; and the identities of officials involved in the decision. (*Id.*, PageID.1437-1438). Inkster objected on the bases of requiring a compilation, attorney-client privilege, and compound question. (*Id.*, PageID.1438). The Court finds that this information is protected by attorney-client privilege. Although Blackwell argues that Inkster has waived the privilege by failing to produce a privilege log, as explained *supra* in footnote 2, a log is not required with an assertion of privilege in an interrogatory.

The same is true for interrogatory 10, which asks whether members of the Inkster City Council were notified or otherwise became aware of Jones's intention to file or filing of the PPO against Blackwell, and if so, the identities of those with such knowledge, how and when they learned of it, and whether they offered any feedback, direction, authorization, encouragement, or approval. (*Id.*, PageID.1438-1439). Inkster again objected to this interrogatory on the bases of requiring a compilation, attorney-client privilege, and compound question. (*Id.*, PageID.1439). For the reason of attorney-client privilege, Inkster is not ordered to respond to interrogatories 9 and 10.

Lastly, interrogatory 11 requested Inkster identify any prior instance in the

9

last ten years of the city financially funding a PPO against a private citizen.  (*Id.*).

Inkster objected that the interrogatory requested creation of a compilation or

summary and that the information sought was protected by the attorney-client

privilege.  Neither is true.  Inkster is ordered to fully respond to this interrogatory

without objection.

IV.    Conclusion

For the reasons stated above, Blackwell's motion to compel (ECF No. 97) is

GRANTED IN PART.  Inkster shall supplement its responses and respond fully,

without objection, to interrogatories 4, 5, 6, 7, 8, and 11 within twenty-one (21)

days of entry of this order.  Inkster's assertion of attorney-client privilege as to

interrogatories 9 and 10 is sustained.

SO ORDERED.

Dated: April 28, 2026                              s/Kimberly G. Altman
Detroit, Michigan                                  KIMBERLY G. ALTMAN
                                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on April 28, 2026.

                                                   s/Dru Jennings
                                                   DRU JENNINGS
                                                   Case Manager