UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

     Plaintiff,

v.                                                              Case No. 23-cv-13015
                                                                HON. MARK A. GOLDSMITH

STEVEN CHISHOLM, et al.,

     Defendants.

_____/

**OPINION AND ORDER (i) OVERRULING PLAINTIFF'S OBJECTION (Dkt. 73) AND ADOPTING REPORT AND RECOMMENDATION (Dkt. 72), AND (ii) OVERRULING PLAINTIFF'S OBJECTION (Dkt. 84) TO DISCOVERY ORDER (Dkt.76)**

Before the Court are two of Plaintiff Charles Lamar Blackwell's objections. The first objection (Dkt. 73) concerns Magistrate Judge Kimberly G. Altman's January 14, 2026 Report and Recommendation (R&R) recommending that the Court deny Blackwell's motion to strike affirmative defenses (Dkt. 43) 1/14/26 R&R (Dkt. 72). The second objection (Dkt. 84) regards the Magistrate Judge's 2/19/26 discovery order granting in part and denying in part Blackwell's motion for an order authorizing remote depositions (Dkt. 76). 2/19/26 Order (Dkt. 83).

For the reasons set forth below, the Court denies both objections. The Court accordingly adopts the recommendation in the 1/14/26 R&R in its entirety.[1]

_____

[1] Because oral argument will not aid the Court's decisional process, the objections will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). None of the Defendants responded to Blackwell's objection to the 1/14/26 R&R. Defendant David Jones responded to Blackwell's objection to the 2/19/26 discovery order. See Resp. (Dkt. 89).

## I. ANALYSIS

The Court reviews de novo those portions of the R&R or order to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). Additionally, "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Id.

### A. Objection to the 1/14/26 R&R

Blackwell's objection argues that the 1/14/26 R&R "erred by failing to strike affirmative defenses Nos. 4, 5, and 11 because they are barred by collateral estoppel."[2] Obj. at PageID.763 (punctuation modified). Blackwell argues: "when the Michigan Court of Appeals reversed the PPO against Plaintiff Blackwell, the Court already decided the issue at law: that Plaintiff engaged in lawful protected speech." Obj. at PageID.765. He argues: "The Michigan Court of Appeals decision has removed all doubt on this issue of protected speech and the Full Faith and Credit Act, 28 U.S.C. § 1738 and collateral estoppel principles exist to bar re-litigations of issues already

---

[2] The affirmative defenses at issue are:

> 4. "That the sole proximate cause, or at least a contributing cause, of the damages and/or injuries complained of by Plaintiff were of his own wrongful conduct, negligence, or comparative fault." Jones Aff. Def. at PageID.491 (Dkt. 41); Inkster and Chisholm Aff. Def. at pp.10 (Dkt. 42).

> 5. "Plaintiff's claims fail as a matter of law as Plaintiff's speech was not constitutionally protected." Jones Aff. Def. at PageID.491; Inkster and Chisholm Aff. Def. at pp.10.

> 11. "Any injury suffered by Plaintiff was proximately caused by his own wrongful conduct." Jones Aff. Def. at PageID.492; Inkster and Chisholm Aff. Def. at pp.11.

decided by a Court." Obj. at PageID.766 (emphasis in original) (punctuation modified).  In sum, he urges the Court to strike affirmative defenses 4, 5, and 11 on collateral estoppel grounds.  Id.

This objection reiterates the same arguments that were presented to and rejected by the magistrate judge, which is an improper objection.  Miller, 50 F.3d at 380.  He disagrees with the R&R, but fails to identify its error.  The 1/14/26 R&R correctly found that Defendants' affirmative defenses comply with Rule 8(b)'s requirement that a party "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A).  Under the rule, as the correctly R&R explains, Defendants have given Blackwell notice of what defenses are involved in the litigation, and nothing more (such as factual development) is required at this stage.  R&R at PageID.758–759.

Accordingly, Blackwell's objection is denied.  The R&R is adopted in full.

**B.      Objection to 2/19/26 discovery order**

The Court has considered Plaintiff's objections to the 2/19/26 discovery order and finds that they lack merit.  Blackwell's objections, in sum, merely reargue his position that the Magistrate Judge already considered and rejected, namely, that the Court should permit his deposition to be taken remotely.  Obj. at PageID.1318. His objections that reiterate the same arguments presented to the magistrate judge without explaining how the magistrate judge erred are improper.  Miller, 50 F.3d at 380.

The Magistrate Judge was correct in determining that Blackwell's own deposition should be taken in person, and not remotely.  Blackwell's citation to Cotter v. Ajilon Svcs, Inc., 287 F.3d 593, 598 (6th Cir. 2002) in support of his argument that individualized inquiries are required as part of the analysis of a disability, is not persuasive.  Cotter is an ADA failure to accommodate case involving an employer/employee.  It is inapplicable to this case.

Moreover, nothing in the Federal Rules of Civil Procedure entitles a person to have his deposition taken remotely. <u>See</u> Fed. R. Civ. P. 30(b)(4) (stating that a court "may" on motion, order that a deposition be taken by telephone or other remote means).

Blackwell's objection to the 2/19/26 discovery order is, therefore, denied.

## II.    CONCLUSION

The Court adopts the R&R (Dkt. 72) and overrules Plaintiff's objection (Dkt. 73).  The Court also denies Blackwell's objection (Dkt. 84) to the 2/19/26 discovery order (Dkt. 76).

**SO ORDERED.**

Dated: May 29, 2026                                    s/Mark A. Goldsmith
Detroit, Michigan                                        MARK A. GOLDSMITH
                                                               United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2026.

                                                          s/Joseph Heacox
                                                          JOSEPH HEACOX
                                                          Case Manager