UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

     Plaintiff,

v.

STEVEN CHISHOLM, DAVID JONES,
and CITY OF INKSTER,

     Defendants.

_____/

Case No. 2:23-cv-13015
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION[1] ON PLAINTIFF'S MOTIONS FOR SANCTIONS (ECF Nos. 105, 110) AGAINST DEFENDANT CITY OF INKSTER[2]**

I.     Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff Charles Lamar Blackwell, proceeding *pro se*, is suing the City of Inkster, city council member Steven Chisholm, and city attorney David Jones for First Amendment retaliation.  (ECF No. 17).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred

---

[1] The undersigned proceeds by Report and Recommendation because, among other relief, Blackwell requests that the City be held in civil contempt for its failure to abide Court orders.  *See N.L.R.B. v. Steele*, No. 07-CV-50712, 2008 WL 474077, at *1 (E.D. Mich. Feb. 19, 2008).

[2] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

to the undersigned.  (ECF No. 7).

On May 8, 2026, Blackwell filed a motion for sanctions against the City of Inkster and its counsel regarding outstanding discovery that was previously ordered to be produced by the Court.  (ECF No. 105).  The City of Inkster did not file a response to that motion and the time for doing so has passed.  On May 21, 2026, Blackwell filed a second motion for sanctions against the City.  (ECF No. 110).  This time, the City filed a response after the Court ordered it to do so (ECF No. 115), and Blackwell filed a reply (ECF No. 116).

For the reasons that follow, the undersigned RECOMMENDS that Blackwell's motions for sanctions (ECF Nos. 105, 110) be GRANTED IN PART. As explained below, the City of Inkster's belated and incomplete discovery responses warrant the adverse inference sanctions detailed in this Report and Recommendation.

## II.    Relevant Background

Blackwell filed a motion to compel discovery from Chisholm and the City of Inkster on February 23, 2026.  (ECF No. 86).  Chisholm and the City did not respond to the motion, and the Court, finding Blackwell's position mostly well-taken, granted it on April 7, 2026.  (ECF No. 95, Amended Order).  Among other things, the Court ordered the City to produce all responsive documents to Blackwell's Requests for Production (RFPs) within thirty days of entry of the

order. (*Id.*). An exception was made for RFP 1 documents which allowed them to be filed under seal because of the City's interest in limiting disclosure of closed meeting minutes. (*Id.*, PageID.1570). In his first motion for sanctions, Blackwell says that as of the filing date, he had not received any of the Court ordered production. *See* ECF No. 105-2, Blackwell Declaration. As noted above, the City did not file a response to Blackwell's first motion for sanctions.

On April 8, 2026, Blackwell filed a second motion to compel against the City. (ECF No. 97). In this motion, Blackwell argued that the City served incomplete and defective responses to his interrogatories 4 through 11. The City was ordered to file a response, which it did. (ECF No. 100). On April 28, 2026, the Court granted Blackwell's motion in part. (ECF No. 102). Specifically, the Court ordered the City to supplement its responses to interrogatories 4(a), 5, 6, 7, 8, and 11 within twenty-one days of entry of the order, but the Court found that interrogatories 4(b), 9, and 10 requested responses that were protected by the attorney-client privilege and therefore need not be supplemented. (*Id.*). Blackwell filed an objection to the order (ECF No. 103), which remains pending before the district judge.

On May 21, 2026, Blackwell filed a second motion for sanctions, directed at these unsupplemented interrogatories. (ECF No. 110). Attached to the motion is Blackwell's sworn declaration which states that as of May 21, he had not received

any supplementation.  (ECF No. 110-3).

Due to the City's habit of only sporadically responding to Blackwell's motions, the Court ordered the City to respond to the second motion for sanctions. (ECF No. 111).  In its response, the City says that it provided Blackwell with all of the responsive documents to his RFPs on May 8, 2026 (ECF No. 115-1) and supplemental interrogatory responses on May 28, 2026 (ECF No. 115-2).  Further, it notes that on May 14, Blackwell acknowledged production of "some of the unredacted…invoices" in an email to defense counsel, referencing invoices that Blackwell says show that the City financed defendant Jones's "retaliatory PPO." (ECF No. 115-3).  Lastly, the City has attached its supplemental interrogatory responses, served on Blackwell on May 28, 2026.  (ECF No. 115-4).  Despite responding to Blackwell's *interrogatories*, not his RFPs, the City's responses repeatedly state that "[a] thorough search has been carried out and no such records exist."  (*Id.*).  This answer is used in response to interrogatories 4, 5, 6, 7, and 11. As to interrogatory 8, the City declined to "identify the grand total approximate amount that [it] paid" for "legal work performed in connection with" Jones's PPO, but stated that it had provided invoices that answer the question.  (*Id.*, PageID.1888).  For other interrogatories, the City referenced the Inkster Police Report and invoices it had provided.  (*Id.*, PageID.1186-1887).

In his reply, Blackwell summarizes where the Court ordered production

4

from the City currently stands.  (ECF No. 116).  Regarding RFP 1, which requested closed-session meeting minutes from January 2022 to November 2023 discussing Blackwell or the Jones PPO, the City now maintains that such records do not exist, without an explanation of which records—required to be kept and maintained under the Michigan Open Meetings Act—do not exist.  For RFP 2, which requested legal invoices from law firm Schenk & Bruetsch, PLLC related to the Jones PPO, Blackwell says the City has partially complied, providing invoices from January 2022 through June 2022 and March 2023 through 2024, but not for July 2022 through February 2023.  The PPO in question, Blackwell notes, was filed in July 2022.  As to RFP 3, which requested City resolutions approving payments to Schenk & Bruetsch, these have not been provided and are said not to exist.  Finally, for RFP 6, the Inkster Police Department records have been produced and Blackwell considers the request satisfied.  (*Id.*, PageID.1896-1898).

As for RFPs 4, 5, and 7, the City maintains that responsive documents do not exist, *see* ECF No. 100-1, Affidavit of IT Records Search, and Blackwell says that he cannot verify that responsive documents *do* exist, but that the City's affidavit is vague as to the efforts made to locate such documents.

Regarding the City's supplemental interrogatory responses, Blackwell makes two points in his reply: that the City has *again* failed to have the responses signed by Inkster Mayor Byron Nolen, who is said to have provided the answers,

5

and that the responses were not served to Blackwell until May 28, after he filed his motion for sanctions and well-after required by the Court.

### III.    Legal Standard

Rule 37 allows sanctions against a party or attorney who fails to answer interrogatories or requests for production of documents.  Fed. R. Civ. P. 37(a)(3)-(5); 37(d).  Courts "must consider four factors before awarding Rule 37 sanctions: (1) 'whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault,' (2) 'whether the adversary was prejudiced by the party's failure to cooperate in discovery,' (3) 'whether the party was warned that failure to cooperate could lead to the sanction,' and (4) 'in regard to a dismissal [ ] whether less drastic sanctions were first imposed.'"  *Stewart v. Marathon Petroleum Co., LP*, No. 2:18-CV-12510, 2020 WL 12763077, at *1 (E.D. Mich. Dec. 7, 2020) (quoting *Doe v. Lexington-Fayette Urban Co. Gov.*, 407 F.3d 755, 766 (6th Cir. 2005)).

### IV.    Discussion

The City of Inkster has been deficient in its discovery duties.  Closed meeting minutes of the city council have not been produced and are said to not exist.  Some, but not all legal invoices have been produced.  The police report was not produced until after it was due and after Blackwell filed his first motion for sanctions.  Not a single email or screenshot referencing Blackwell or the Jones PPO have been produced.  The City maintains that none exist, but the search terms

6

used to attempt to locate such documents were not provided.  It is highly unlikely that there are no relevant internal emails, given that the City's law firm at that time, Schenk & Bruetsch, produced 63 "emails for March 2022 through November 2023 using eight targeted ESI search terms directly tied to Jones's personal protection order (PPO) and alleged retaliation."  (ECF No. 95, PageID.1557-1558). Furthermore, the City's interrogatory responses were late, provided no answers, and were unsigned.  All of the above production and responses were Court ordered. And regarding the production deficiencies, the City has waived any argument against Blackwell's motion for sanctions by failing to respond to it.  *Stewart v. Marathon Petroleum Co., LP*, No. 2:18-CV-12510, 2020 WL 12763077, at *1 (E.D. Mich. Dec. 7, 2020).

Some form of Rule 37 sanctions are appropriate based on the City's repeatedly belated and incomplete production.  *See, e.g.*, *Fausz v. NPAS, Inc.*, No. 3:15-CV-00145-CRS-DW, 2017 WL 1227943, at *2 (W.D. Ky. Mar. 31, 2017); *Bush Truck Leasing, Inc. v. All Ways Auto Transp., LLC*, No. 1:20-CV-511, 2024 WL 941687, at *8 (S.D. Ohio Feb. 8, 2024).  "[B]elated compliance with discovery orders does not preclude the imposition of sanctions."  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (quoting *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986)).  "Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to

other litigants on a crowded docket the opportunity to use the courts." *Id.* (quoting

*Princess Ermine Jewels*, 786 F.2d at 1451).

Under Rule 37, when a party "fails to obey an order to provide or permit

discovery," the Court may issue an order

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> **(iii)** striking pleadings in whole or in part;

> **(iv)** staying further proceedings until the order is obeyed;

> **(v)** dismissing the action or proceeding in whole or in part;

> **(vi)** rendering a default judgment against the disobedient party; or

> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P.37(b)(2)(a).

"Similarly, pursuant to its inherent powers, the court may 'impose many

different kinds of sanctions for spoliated evidence, including dismissing a case,

granting summary judgment, or instructing a jury that it may infer a fact based on

lost or destroyed evidence.'" *Est. of Romain v. City of Grosse Pointe Farms*, No.

14-12289, 2016 WL 7664226, at *3 (E.D. Mich. Nov. 22, 2016) (quoting

*Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 513 (6th Cir.

2014)), *report and recommendation adopted*, 2017 WL 67518 (E.D. Mich. Jan. 6,

2017).

Blackwell requests that certain facts be designated as established based on the City's deficiencies, or alternatively, that discovery be extended in order for the City to cure its deficiencies.  The undersigned finds that further extending discovery would be unlikely to benefit anyone at this time.  In weighing the four factors above, most notably the City's willfulness and the resulting prejudice to Blackwell, the undersigned recommends that the following adverse inferences be issued.  If the case proceeds to trial, the trier of fact may be instructed to infer that:

- Defendant David Jones and Defendant City of Inkster (Inkster City Council) discussed the PPO and the PPO funding in Inkster City Council closed session meetings;

- Defendant City of Inkster fully funded and/or paid for the litigation expenses and bills for Defendant Jones's PPO against Plaintiff Blackwell;

- The Inkster City Council voted via official resolution approving payment of Schenk and Bruetsch PLC legal bills which included Defendant Jones's PPO against Plaintiff Blackwell;

- Inkster City Officials have discussed via email Plaintiff Blackwell's speech expressed via email and at Inkster City Council meetings and discussed ways to censor or limit his speech;

- One or more Inkster officials have screenshotted and possess social media pictures from Plaintiff Blackwell's social media account in order to use it for purposes of using it in court litigation; and,

- The City of Inkster may have had their IT contractor, Nerds Express, block Plaintiff Blackwell's email address in 2021-2022 from being able to email City of Inkster government officials.

9

Blackwell also argues that the City and City attorney Todd Perkins should be held in civil contempt and that Mr. Perkins should be *sua sponte* sanctioned under Rule 11 for making factual misrepresentations to the Court.  The power to hold a party in contempt of court "should not be used lightly" and the underlying acts must be proven by "clear and convincing evidence."  *Elec. Workers Pension Tr. Fund of Loc. Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).  "Clear and convincing evidence is a not a light burden and should not be confused with the less stringent, proof by a preponderance of the evidence."  *Id.*

The Court has "wide discretion in deciding a contempt petition," *MDS Am., Inc. v. MDS Int'l*, No. 04-CV-72353-DT, 2006 WL 2844466, at *1 (E.D. Mich. Sept. 29, 2006) (citing *Gary's Elec. Serv. Co.,* 340 F.3d at 378), and the undersigned does not recommend that a civil contempt hearing be held at this time. The undersigned believes that the adverse inferences above, which are supported by a preponderance of the evidence, suffice to remedy the discovery deficiencies at issue.  The undersigned therefore does not recommend that the Court assess Rule 11 sanctions *sua sponte*, either.  That said, discovery is open until July 24, 2026, and the City is expected to supplement its discovery responses as necessary and required by the federal rules.

## V.    Conclusion

10

For the reasons stated above, the undersigned RECOMMENDS that Blackwell's motions for sanctions (ECF Nos. 105, 110) be GRANTED IN PART. As explained above, the City of Inkster's belated and incomplete discovery responses warrant the adverse inference sanctions detailed in this Report and Recommendation.

Dated: June 23, 2026　　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

11

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 23, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager

12