# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CHARLES BLACKWELL,

      Plaintiff,

v.

 

STEVEN CHISHOLM, in his individual capacity; DAVID JONES, in his individual capacity; and CITY OF INKSTER, a government entity,

      Defendants.

No. 2:23-cv-13015-MAG-KGA

Hon. Mark A. Goldsmith

Magistrate Judge Kimberly G. Altman

---

| | |
|---|---|
| Charles Blackwell | SCHENK & BRUETSCH PLC |
| 22655 Fairmont Dr | Peter E. Doyle (P81815) |
| Apt 102 | 211 W. Fort Street, Suite 1410 |
| Farmington Hills, MI 48335 | Detroit, MI 48226 |
| 313-739-3597 | (313) 774-1000 |
| *PRO SE* | peter.doyle@sbdetroit.com |
| | *Attorney for Defendant David Jones* |
| | |
| | Todd Russell Perkins |
| | 615 Griswold, Ste 400 |
| | Detroit, MI 48226 |
| | (313) 964-1702 |
| | tperkins@perkinslawgroup.net |
| | *Attorney for Defendants City of Inkster and Steven Chisholm* |

---

## DEFENDANT DAVID JONES' OBJECTIONS TO THE JUNE 23, 2026 REPORT AND RECOMMENDATION (ECF NO. 120), OR ALTERNATIVELY, MOTION FOR CLARIFICATION

Defendant David Jones ("Jones") submits these limited objections to the Magistrate Judge's June 23, 2026 Report and Recommendation (ECF No. 120) (the "R&R"). Alternatively, Jones seeks clarification of the R&R under Rule 54(b), Rule 60(a), or the Court's inherent authority. Pursuant to L.R. 7.1(a), Defendant's counsel sought concurrent with the relief requested herein, and Plaintiff did not concur.

Jones's objections are narrow and directed solely at the scope and application of the recommended remedy. The sanctions arise solely from the City's discovery conduct. *See*, R&R, ECF No. 120 at PageID.1926 ("[T]he City of Inkster's belated and incomplete discovery responses warrant the adverse inference sanctions detailed in this [R&R]"). However, the R&R is not – at least on its face – limited to the City. It directs that "the trier of fact may be instructed to infer" six facts, the first of which adjudicates Jones's own conduct, and two more of which establish facts concerning "Defendant Jones's PPO." *Id*., PageID.1924. As written, the recommendation could cause substantial prejudice by converting the City's discovery failures into findings against Jones, a distinct defendant with separate counsel. But Jones cannot be subject to any sanctions: he did not commit a discovery violation, he was not the target of any motion to compel or motion for sanctions, and the R&R does not make any findings against him under the governing four-factor test.

Jones therefore requests that the Court, in adopting the R&R in whole or in part, clarify that any adverse inference and any fact deemed establish applies solely

2

to Defendant City of Inkster and may not be used to establish, infer, or impute to Jones any knowledge, intent, motive, conduct, participation, or liability.

## BACKGROUND

On February 23, 2026, Blackwell filed a "Motion to Compel DISCOVERY FROM DEFENDANTS STEVEN CHISHOLM AND THE CITY OF INKSTER" (ECF No. 86), which the Court granted. (ECF No. 95). The motion did not seek any discovery or other relief from Jones, so he did not file a response.

On April 8, 2026, Blackwell filed another "MOTION to Compel *Discovery From Defendant City of Inkster*" (ECF No. 97).  The Court ordered "All Defendants" to respond. (ECF No. 98). In his response, Jones stated that the "discovery dispute is between Plaintiff and Defendant City of Inkster"; therefore, "Jones takes no position on the merits of Plaintiff's motion to compel discovery from Inkster and defers to the Court's discretion." (ECF No. 99). The Court granted in part the second motion to compel against the City. (ECF No. 102).

On May 8, 2026, Blackwell filed a "*Motion for Fed. R. Civ. P. 37(b)(2)(A) Discovery Sanctions Against Defendant City of Inkster*" and its counsel for the City's failure to comply with the Court's order granting the first motion to compel (ECF No. 105). On May 21, 2026, Blackwell filed a "*MOTION FOR DISCOVERY SANCTIONS AND ORDER TO SHOW CAUSE WHY DEFENDANT CITY OF INKSTER AND DEFENSE COUNSEL TODD PERKINS SHOULD NOT BE HELD*

3

*IN CONTEMPT"* (ECF No. 110). The Court ordered only that the City of Inkster must file a response to the second motion for sanctions. (ECF No. 111).

On June 23, 2026, the Court issued its R&R "On Plaintiff's Motions for Sanctions (ECF Nos. 105, 110) Against Defendant City of Inkster" (ECF No. 120). Every discovery deficiency identified in the R&R is from the City: unproduced closed-session minutes, incomplete legal invoices, a late-produced police report, unproduced City emails and screenshots, and City interrogatory responses that were late, unsigned, and non-responsive. (*Id.*, PageID.1921–1922.)

The R&R recites the four-factor test governing Rule 37 sanctions: willfulness or fault, prejudice, warning, and consideration of lesser sanctions. (*Id.*, PageID.1921 (*quoting Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005)).) The Magistrate Judge then weighed those factors exclusively as to the City, resting on "the City's willfulness and the resulting prejudice to Blackwell," and noting that "the City has waived any argument against Blackwell's motion for sanctions by failing to respond to it." (*Id.*, PageID.1922, 1924.) The R&R makes no finding on any of the four factors as to Jones. Jones was not obligated to respond to the motions against the City and did not do so.

The R&R recommends that, if the case is tried, "the trier of fact may be instructed to infer" six matters. (*Id.*, PageID.1924.) The first states that "Defendant David Jones and Defendant City of Inkster (Inkster City Council) discussed the PPO

4

and the PPO funding in Inkster City Council closed session meetings." (*Id.*) The second and third establish that the City funded and, by resolution, approved payment for "Defendant Jones's PPO." (*Id.*) The remaining three concern conduct of "Inkster City Officials" or "the City of Inkster." (*Id.*) None of the six is limited, on its face, to operating against the City alone.

**OBJECTIONS TO THE R&R**

**OBJECTION No. 1: The Recommended Adverse Inferences and Any Facts Deemed Established May Not Be Applied to or Imputed to Jones and Should Be Clarified to Apply Solely to the City.**

Jones objects to the recommendation that "the trier of fact may be instructed to infer" the six enumerated matters, to the extent that recommendation operates against, or establishes facts about, Jones. The recommended sanctions rest entirely on the City's conduct, and the law makes such sanctions party-specific.

First, Rule 37 permits a court, "[i]f a party … fails to obey an order to provide or permit discovery," to direct "that … designated facts be taken as established" or to enter other sanctions "against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). Jones did not disobey any order or fail to provide any discovery. He cannot be subject to any sanctions.

Second, the R&R's findings were made only as to the City. The Magistrate Judge weighed the *Doe* factors on "the City's willfulness and the resulting prejudice to Blackwell," and relied on the City's failure to respond to the motions. (R&R,

PageID.1922, 1924.) But, as written, the sanctions could be interpreted to bind Jones even though no findings were made against him.

Third, Sixth Circuit case law makes clear that adverse inference sanctions are personal to the culpable party. *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (requiring a "culpable state of mind" by "the party having control over the evidence"). In a multi-defendant action, any adverse inference must be directed solely at the defendant culpable for the discovery violation. For instance, in *Flagg v. City of Detroit*, 715 F.3d 165 (6th Cir. 2013), the district court granted an adverse-inference instruction for destroyed municipal emails "to be directed at Defendant City of Detroit *only*," and the Sixth Circuit affirmed. *Id.* at 178 (emphasis added).

The same should apply here. If the Court adopts the sanctions against the City, the order should expressly state that the inferences and any deemed-established facts apply to the City of Inkster only, and may not be used to establish, infer, or impute to Jones any knowledge, intent, motive, conduct, participation, or liability.

**OBJECTION No. 2: The First Recommended Adverse Inference Should Be Stricken or Clarified Insofar as It Names "Defendant David Jones" and Adjudicates His Conduct.**

Jones separately objects to the first recommended inference that the trier of fact may infer that "Defendant David Jones and Defendant City of Inkster (Inkster City Council) discussed the PPO and the PPO funding in Inkster City Council closed

session meetings." (R&R, at PageID.1924). This inference does not merely sanction the City. Instead, it establishes an inference concerning an affirmative fact about Jones's own conduct and knowledge (that he participated in specified council discussions) based solely on the City's failure to produce closed-session minutes. Jones neither controlled nor had any duty to preserve or produce the City's closed-session minutes. To adjudicate Jones's participation (and what he specifically discussed in these closed meetings) as a sanction for the City's nonproduction is unsupported by the Federal Rules. Inference No. 1 should be stricken, or at a minimum, clarified to run only against the City as to the City's own knowledge and conduct.

The same clarification should extend to recommended Inferences Nos. 2 and 3, which concern "Defendant Jones's PPO." Although framed as findings about the City's funding, they should be made explicit to establish only the City's conduct—that the City funded or approved payment—and not any fact about Jones's knowledge, intent, liability, or participation in any alleged concerted activity.

## REQUEST FOR CLARIFICATION

**A. In the Alternative, the Court May Enter the Requested Clarification Under Rule 54(b), Rule 60(a), or Its Inherent Authority.**

Independent of the R&R objection procedure, the Court should clarify the scope of the order adopting the R&R.

First, the sanctions order "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b).  "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Revision is warranted where needed "to correct a clear error or prevent manifest injustice." *Id.* Prejudicing Jones, a nonculpable party, with sanctions imposed for a co-defendant's discovery violations would be a manifest injustice that may be prevented by clarifying the sanctions order.

Second, to the extent the R&R's failure to confine the inferences to the City, and its naming of Jones in Inference No. 1, is an oversight or omission inconsistent with an analysis conducted entirely as to the City, Rule 60(a) authorizes the Court to "correct a … mistake arising from oversight or omission … in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Thus, the Court may correct an order under Rule 60(a) where "the original order was at odds with what the court intended to accomplish at the hearing." *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 441 (6th Cir. 2002). Here, clarifying that a sanction predicated on the City's discovery conduct applies solely to the City (and not nonculpable co-defendants) conforms the order to the Magistrate Judge's decision.

Finally, the Court "has the inherent authority to modify its interlocutory orders" at any time prior to entry of final judgment. *Police Officers for Equal Rights v. Columbus*, 916 F.2d 1092, 1097 (6th Cir. 1990). Clarification here prevents the order from being misused to prejudice a defendant against whom no sanction was sought or found.

## CONCLUSION

Jones respectfully requests that the Court, in adopting the R&R in whole or in part, enter an order clarifying that:

1.  All adverse inferences recommended in the R&R, and any facts deemed established, apply solely to Defendant City of Inkster;

2.  No such inference may be used to establish, infer, or impute to Defendant Jones any knowledge, intent, motive, conduct, participation, or liability; and

3.  Recommended Inference No. 1 is stricken insofar as it names or adjudicates the conduct of Defendant Jones, or is alternatively clarified to apply only to the City as to the City's own knowledge and conduct.

Jones further requests such other relief as the Court deems just.

Respectfully submitted,

/s/ *Peter E. Doyle*
SCHENK & BRUETSCH PLC
Peter E. Doyle (P81815)
211 W. Fort Street, Suite 1410
Detroit, MI 48226
(313) 774-1000
Dated: July 7, 2026       peter.doyle@sbdetroit.com
*Attorney for Defendant David Jones*

## CERTIFICATE OF SERVICE

I certify that on July 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which shall cause service of same on Plaintiff and all counsel of record.

/s/ Peter E. Doyle